**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                       Chapter 7

VELAPPAN VEERASWAMY,                               Case No.: 18-42030 (CEC)

                                  Debtor.
------------------------------------------------------------X
LORI LAPIN JONES, solely in her capacity          Adv. Pro. No.: 19-_____ (CEC)
as Chapter 7 Trustee of the Estate of
Velappan Veeraswamy,

                                  Plaintiff,
-against-

KAREN VEERASWAMY and
JOHN J. NAPOLITANO, ATTORNEY AT LAW,

                                  Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("<u>Plaintiff</u>" or

"<u>Trustee</u>") of the estate of Velappan Veeraswamy ("<u>Debtor</u>"), by her undersigned counsel, as

and for her Complaint against defendants Karen Veeraswamy ("<u>Karen</u>") and John J. Napolitano,

Attorney At Law ("<u>Napolitano</u>"), alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Debtor's pending Chapter 7 bankruptcy case.

2.      This action is brought under 11 U.S.C. §§ 105, 541 and 542 ("<u>Bankruptcy Code</u>")

and 28 U.S.C. § 2201.

3.      This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Order dated December 12, 2012 entered by the United States District Court for the Eastern District of New York referring cases and proceedings under Title 11 to the United States Bankruptcy Court for the Eastern District of New York.

4.      This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(H) and (b)(2)(O).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6.      The Plaintiff consents to the entry of final Orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final Orders or judgment consistent with Article III of the United States Constitution.

## BACKGROUND AND PARTIES

7.      Karen is an individual who, upon information and belief, resides in New York.

8.      Napolitano is an individual who, upon information and belief, has a place of business at 94-09 101st Avenue, Ozone Park, New York 11416.

9.      Upon information and belief, Napolitano is counsel to Karen in connection with a matrimonial action pending in the Supreme Court of the State of New York, County of Queens ("State Court"), under Index No. 12256/11 captioned *Karen Veeraswamy v. Velappan Veeraswamy* ("Matrimonial Action").

10.     The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate and is the statutory representative of the Debtor's estate pursuant to section 323(a) of the Bankruptcy Code.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.      The Debtor's Pending Bankruptcy Case**

11.      On April 12, 2018, ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code.

12.      By Order of the Court dated August 2, 2018, the Debtor's Chapter 13 case was converted to one under Chapter 7 of the Bankruptcy Code as of August 2, 2018 ("Conversion Date").

13.      By Notice of Appointment of Trustee dated August 9, 2018, Lori Lapin Jones was appointed as the Chapter 7 Trustee of the Debtor's estate.

14.      Upon information and belief, sometime after the Conversion Date, the Debtor died.

**B.      The Matrimonial Action**

15.      Upon information and belief, as of the Filing Date, the Debtor and Karen were married.

16.      Upon information and belief, as of the Filing Date, the Matrimonial Action was pending.

17.      Upon information and belief, as of the Conversion Date, the Debtor and Karen were married.

18.      Upon information and belief, as of the Conversion Date, the Matrimonial Action was pending.

19.      Upon information and belief, as of the date of this Complaint, no judgment of divorce was entered by the State Court in the Matrimonial Action.

20.      Upon information and belief, as of the date of this Complaint, the Matrimonial

Action is pending.

**C.      The Ashand Enterprises, Inc. Bankruptcy Case**

21.      On or about February 14, 2013, a voluntary petition under Chapter 11 of the Bankruptcy Code was filed on behalf of Ashand Enterprises, Inc. ("Ashand") under case no. 13-44999 (CEC).

22.      On or about November 25, 2013, Karen caused a notice to be filed in the Ashand bankruptcy case, a copy of which is annexed as Exhibit A ("Notice").

23.      Annexed to the Notice is a Compliance Conference Order dated October 2, 2013 from the Matrimonial Action ("Compliance Order"). See Exhibit A.

24.      The Compliance Order provides, in pertinent part, that:

> That all net proceeds of sale of a 72 unit Bronx apartment building (1114 Ward Ave) owned by Ashand Enterprises, Inc. and presently the subject of a bankruptcy proceeding (Eastern District Case no. 13-44999) shall be held in escrow by John Napolitano until further order of this court or written agreement of the parties.

See Exhibit A at p. 4.

25.      By Order dated March 25, 2014 ("Ashand March 2014 Order") [Case No. 13-44999, Dkt. No. 95], this Court conditionally approved the sale of Ashand's real property located at 1114 Ward Avenue, Bronx, New York ("Ashand Property").

> The Ashand March 2014 Order provides that "[t]he remaining funds after all of [Ashand's] creditors have been satisfied in full shall be disbursed pursuant to the State Court Order dated October 2, 2013 in the New York Supreme Court, County of Queens, Matrimonial Part, as may be amended or modified at the time of disbursement.

26.      By letter dated July 31, 2014 [Case No. 13-44999, Dkt. No. 125], counsel to Ashand advised this Court that the sale of the Ashand Property closed on July 25, 2014.

27.      According to a Chapter 11 Statement of Quarterly Disbursements dated December 7, 2014 [Case No. 13-44999, Dkt. No. 146]:

Disbursements in the amount of $1,769,774.50 were made on behalf of Ashand Enterprises, Inc. from Bronson Law Offices, P.C. escrow account for the period of July 1, 2014 through September 30, 2014, which included distribution of $1,500,000 to the equity holders of the Debtor.

28. According to the foregoing Chapter 11 Statement of Quarterly Disbursements dated December 7, 2014 [Case No. 13-44999, Dkt. No. 146], "[d]istributions to the equity holders were made by way of payment to John Napolitano, Esq.'s escrow account."

29. According to a Chapter 11 Statement of Quarterly Disbursements dated March 14, 2015 [Case No.: 13-44999, Dkt. No. 157]:

Disbursements in the amount of $612,198.70 were made on behalf of Ashand Enterprises, Inc. from Bronson Law Offices, P.C. escrow account for the period of September 1, 2014 through December 31, 2014, which included distributions of $400,000 to the equity holders of the Debtor.

30. According to the foregoing Chapter 11 Statement of Quarterly Disbursements dated March 14, 2015 [Case No.: 13-44999, Dkt. No. 157], "[d]istributions to the equity holders were made by way of payment to John Napolitano, Esq.'s escrow account in the amount of $300,000 and $100,000."

31. On or about March 31, 2015, Ashand's bankruptcy case was closed.

32. Upon information and belief, distributions totaling $1,900,000 on account of distributions to Ashand's equity holders from the net proceeds from the sale of the Ashand Property were paid to Napolitano to hold as escrow agent ("Equity Distributions").

33. Upon information and belief, the Debtor was Ashand's sole equity holder.

34. Upon information and belief, the Equity Distributions were deposited by Napolitano in an escrow account.

35. Upon information and belief, the Equity Distributions were to be held by

Napolitano in accordance with the Compliance Order.

36.     Upon information and belief, certain payments were made from the Equity Distributions.

37.     Upon information and belief, Napolitano is holding approximately $1,388,000 in an escrow account from the Equity Distributions ("Equity Distribution Balance").

### FIRST CLAIM FOR RELIEF
**(Injunctive Relief)**

38.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "37" as if set forth fully herein.

39.     Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rule 7065, and Rule 65 of the Federal Rules of Civil Procedure, the Court may enjoin a party from proceeding with or continuing with, a course of conduct or practice which depletes, diminishes and/or effects property and/or diminishes the value of those assets or impairs the Plaintiff's recovery efforts.

40.     Upon information and belief, as of the Filing Date, the State Court had not entered any judgment in Karen's favor in the Matrimonial Action.

41.     Upon information and belief, as of the Conversion Date, the State Court had not entered any judgment in Karen's favor in the Matrimonial Action.

42.     The Equity Distribution Balance is property of the Debtor's estate under section 541 of the Bankruptcy Code.

43.     Upon information and belief, Napolitano is holding the Equity Distribution Balance.

44.     The Plaintiff's rights to property owned by the Debtor as of the Filing Date are superior to any claim of Karen to equitable distribution.

45.     The Plaintiff's rights to property owned by the Debtor as of the Conversion Date

are superior to any claim of Karen to equitable distribution.

46.     The Plaintiff seeks a preliminary injunction and permanent injunction to prevent Napolitano and Karen from transferring, conveying or otherwise disposing of the Equity Distribution Balance.

47.     The estate will suffer irreparable injury if Napolitano or Karen are permitted to transfer, convey or otherwise dispose of the Equity Distribution Balance.

48.     Plaintiff is likely to prevail on the merits of her claims against Karen based upon the allegations set forth herein and the facts of this case.

49.     Karen and Napolitano will not be harmed by the issuance of a temporary injunction because the requested injunctive relief is a necessary step to return the parties to their positions as of the Filing Date.

50.     The balance of hardships weighs decidedly in favor of the granting of injunctive relief as the Debtor has no other meaningful assets with which to satisfy a money judgment were the Court to deny the Plaintiff injunctive relief.

51.     By reason of the foregoing, the Plaintiff is entitled to an order and judgment granting a preliminary and permanent injunction enjoining Napolitano or Karen from transferring, conveying or otherwise disposing of the Equity Distribution Balance.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

52.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "37" as if set forth fully herein.

53.     Upon information and belief, as of the Filing Date, the State Court had not entered any judgment in Karen's favor in the Matrimonial Action.

54.     Upon information and belief, as of the Conversion Date, the State Court had not

entered any judgment in Karen's favor in the Matrimonial Action.

55.    The Equity Distribution Balance is property of the Debtor's estate under section 541 of the Bankruptcy Code.

56.    An actual controversy requiring the declaration of the rights of the Plaintiff in and to the Equity Distribution Balance exists.

57.    By reason of the foregoing, under section 2201 of Title 28 and section 541(a) of the Bankruptcy Code, the Plaintiff is entitled to a judgment declaring that: (a) as of the Filing Date, the Equity Distribution Balance vested in the Plaintiff on behalf of the estate; or (b) in the alternative, that the Equity Distribution Balance constitutes property of the estate.

### THIRD CLAIM FOR RELIEF
**(Turnover of Property of the Estate)**

58.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "37" as if set forth fully herein.

59.    Upon information and belief, as of the Filing Date, the State Court had not entered any judgment in Karen's favor in the Matrimonial Action.

60.    Upon information and belief, as of the Conversion Date, the State Court had not entered any judgment in Karen's favor in the Matrimonial Action.

61.    The Equity Distribution Balance is property of the Debtor's estate under section 541 of the Bankruptcy Code.

62.    Upon information and belief, Napolitano is holding the Equity Distribution Balance.

63.    By reason of the foregoing, the Plaintiff is entitled to the entry of an Order, under sections 541 and 542 of the Bankruptcy Code, directing the immediate turnover of the Equity Distribution Balance to the Plaintiff.

**WHEREFORE**, the Plaintiff demands judgment on her claims for relief against Napolitano and Karen and as follows:

(i)      on her first claim for relief, an order and judgment granting a preliminary and permanent injunction enjoining Napolitano or Karen from transferring, conveying or otherwise disposing of the Equity Distribution Balance;

(ii)     on her second claim for relief, a judgment declaring that: (a) as of the Filing Date, the Equity Distribution Balance vested in the Plaintiff on behalf of the estate; or (b) in the alternative, that the Equity Distribution Balance constitutes property of the estate;

(iii)    on her third claim for relief, an Order, under sections 541 and 542 of the Bankruptcy Code, directing the immediate turnover of the Equity Distribution Balance to the Plaintiff; and

(iv)    for such other, further and different relief as this Court may deem just and proper.

Dated: February 15, 2019
      Wantagh, New York

                     **LaMONICA HERBST & MANISCALCO, LLP**
                     Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee

           By:     *s/ Holly R. Holecek*
                    Holly R. Holecek
                    A Partner of the Firm
                    3305 Jerusalem Avenue, Suite 201
                    Wantagh, New York 11793
                    Telephone: (516) 826-6500