Return Date: 4/18/1ᵀ

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: *VELAPPAN VEERASWAMY*

_____,

Case No.
Chapter 1-18-42030 (CEC

Debtor(s)
-----------------------------------------------------------x

Adv. Proc. No. 19-01018
(CEC

*Lori Lapin Jones, solely in her capacity
as Chapter 7 trustee of estate of Velappan Veerasw[amy]*
-against-
*Karen Veeraswamy and
John J. Napolitano, attorney at law*

Defendant(s).
-----------------------------------------------------------X

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that upon the annexed application of

*Karen Veeraswamy*_____, a hearing will be held before the Hon

*Judge Carla E. Craig*____, Bankruptcy Judge, to consider the motion for an Order

granting relief as follows:

*Dismiss Complaint*

_____

_____

Date and time of hearing: 4/18/19 @ 3:30 pm
**Location: U.S. Bankruptcy Court**
**271 Cadman Plaza East**
**Brooklyn, New York 11201**
**Courtroom # 3529 , 3 Floor**

Dated: 3/25/2019

*Karen Veeraswamy*
Signature
Print name: *Karen Veeraswamy*
Address: *P.O. Box 863695*
*Ridgewood NY 11386*
Phone: *917 626 9359*
Email: *ammrasami @ gmail.com*

RECEIVED 2019 MAR 25 A :10

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| *In re:* | **MOTION TO DISMISS COMPLAINT** |
| VELAPPAN VEERASWAMY, | |
| | Adv. Pro. No.: 19-01018 (CEC) |
| Debtor | Case 1-18-42030-cec |

_____

LORI LAPIN JONES, solely in her capacity
as Chapter 7 Trustee of the Estate of Velappan Veeraswamy,
Plaintiff,

-Against-

KAREN VEERASWAMY and
JOHN J. NAPOLITANO, ATTORNEY AT LAW,
Defendants

_____

Karen Veeraswamy the Defendant moves this Honorable Court to dismiss the Complaint / (Amended) filed on 2/15/2019, by Plaintiff Chapter 7 Trustee of the estate of Velappan Veeraswamy the Debtor.

*The undersigned requests that this Honorable Court not hear and /or make any decisions on the Plaintiff's motions ("Motions") (doc # 7 and # 8) until this motion to dismiss the Complaint is heard and decided.*

Any objections to this motion, if any, are to be made no later than seven days prior to the hearing date of this motion.

1

The reasons that Plaintiff's Complaint and Motions must be dismissed are:

1. The **ONLY** premise upon which the entire Complaint of Plaintiff depends on, is the claim by Plaintiff that Ashand Enterprises, Inc. is Debtor's "wholly-owned company" that "there is no dispute that the Equity Distributions were from excess proceeds from the sale of real property owned by Ashand, the Debtor's wholly-owned company" (paragraph # 33, doc # 3, Amended Complaint) ( paragraph #22, #43, doc 7, Trustee's "Application")

The above premise crumbles on the light of fact in Exhibit A, attached herein, copy of Corporate Records of Ashand Enterprises, Inc. showing two EQUAL equity holders, Velappan Veeraswamy and Karen Veeraswamy the undersigned, each holding 100 shares.

2. The undersigned further states/argues that funds being held in the escrow accounts is NOT part of Debtor's estate because the Debtor was listed as equity holder "Creditor" in the bankruptcy filing of Ashand Enterprises, Inc., (Exhibit B ) and according to Ashand Enterprises, Inc.'s bankruptcy court order (Exhibit C) the "remaining funds **after all of creditors** have been satisfied in **full** shall be disbursed pursuant to the State Court Order dated October 2, 2013 in the New York Supreme Court, County of Queens". Therefore funds transferred to the escrow account were, *only after* all the creditors were paid in full including the Debtor Velappan Veeraswamy, if he made /had any payable claims as equity holder.

3. In the alternate to above paragraph number 2,  $1,900,000.00 was disbursed ( Amended complaint doc 3, paragraph # 27, # 29) to equity holders from Ashand Enterprises, Inc., $950,000.00 of which belongs to the undersigned as Ashand Enterprises, Inc., 50 % equity holder. And the undersigned  has filed a proof of claim( # 3-1) for Debtor's domestic support obligation  for an amount of $246, 533.19 which brings the total to $1,196,533.19  and this amount excludes another proof of claim (claim # 12-1) filed by undersigned for Debtor' s additional domestic support obligation, and is to be amended to a higher balance.

4. Therefore of the $1,380,000. 00 (Amended Complaint doc 3 paragraph # 37) presently being held in the escrow account of Attorney John Napolitano, the undersigned is claiming almost all or more than the funds being held in the escrow account. Hence it is unjust and unfair to continue having restraining order on the escrow account and improper for those funds to be turned over to the Chapter 7 Trustee.

## CONCLUSION

For the foregoing reasons, the undersigned requests that this Honorable Court dismiss the Plaintiff's Complaint and Motions.

Respectfully Submitted,

March 25, 2019

*Karen Veeraswamy*

KAREN VEERASWAMY (*PRO SE*)
P.O.Box 863695

3

RIDGEWOOD, NY 11385
TEL: (917)620-9359
Email: ammasami@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on 03/25/2019, a copy of the above "MOTION TO DISMISS COMPLAINT" was served by depositing the same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon:


LaMONICA HERBST & MANISCALCO, LLP
Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793

Bronson Law Firm
480 Mamaroneck Ave
Harrison, NY 10528



March 25, 2019                                  *Karen Veeraswamy*
                                                KAREN VEERASWAMY (*PRO SE*)
                                                P.O.Box 863695
                                                RIDGEWOOD, NY 11385
                                                TEL: (917)620-9359
                                                Email: ammasami@gmail.com

# EXHIBIT A

# OFFICIAL

# CORPORATE RECORDS

# OF

# ASHAND ENTERPRISES, INC.



**SPIEGEL & UTRERA, P.A., P.C.**
L A W Y E R S

SUITE 711 • 45 JOHN STREET • NEW YORK, NY 10038
(212) 962-1000 • FAX (212) 964-5600

## MINUTES OF ORGANIZATION MEETING OF DIRECTORS OF

## ASHAND ENTERPRISES, INC.

The Organization Meeting of the Board of Directors was held at 87-10 Lefferts Boulevard, Second Floor, Richmond Hill, New York 11418 on the 31 January 2000 at 2:00 o'clock this pm.

The following were present:

Velappan Veeraswamy
Karen Veeraswamy

being a quorum and all of the Directors of the corporation.

Velappan Veeraswamy was nominated and elected temporary chairman and acted as such until relieved by the president. Karen Veeraswamy was nominated and elected temporary secretary, and acted as such until relieved by the permanent secretary.

The secretary, then presented and read to the meeting a copy of the Certificate of Incorporation of the corporation and reported that on the 24th day of January, 2000, the original thereof was duly filed by the office of the Department of State of the State of New York.

Upon motion duly made, seconded and carried, said report was adopted and the secretary was directed to append to these minutes a copy of the Certificate of Incorporation.

The Secretary presented and read the Minutes of the First Meeting of Incorporators of the Corporation.

Upon motion duly made, seconded and carried, said the Minutes of the First Meeting of Incorporators of the Corporation were in all respects ratified, confirmed and approved as adopted by the Incorporator(s) and the Secretary was directed to file these among the Corporation's records.

The following were duly nominated and, a vote having been taken, were unanimously elected officers of the corporation to serve for one year and until their successors are elected and qualified:

President: Velappan Veeraswamy

Vice-President:

Secretary: Karen Veeraswamy

Treasurer: Karen Veeraswamy

RESOLVED, that the president be and hereby is authorized to designate the principal office of the corporation in the State of New York as the office for service of process upon the corporation and designate such agent or agents for service of process as the president may deem advisable from time to time, and to file with the Department of State, immediately and thereafter as required, the appropriate certificates designating the office of and agent or agents for service of process on this corporation.

RESOLVED, that upon delivery to the corporation of said assets and the execution and delivery of such proper instruments as may be necessary to transfer and convey the same to the corporation, the officers of this corporation are authorized and directed to execute and deliver the certificate or certificates for such shares as are required to be issued and delivered to the consideration of:

NAME   ADDRESS                SHARES

Velappan Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418              100 Shares

Karen Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418              100 Shares

After fixing a record date for a meeting, the corporation shall prepare an alphabetical list of the names of all its shareholders who are entitled to notice of a shareholder meeting.

The Chairman presented to the meeting a form of Certificate required under Tax Law Section 275A to be filed in the Office of the Tax Commissioner.

Upon Motion duly made, seconded and carried, it was

RESOLVED that the proper officers of this corporation are hereby authorized and directed to execute and file such Certificate forthwith

RESOLVED that all of the acts taken and decisions made at the organization meeting be and are hereby ratified and it was

# STOCKHOLDER LIST

## OF

## ASHAND ENTERPRISES, INC.

The following is a list of all stockholders arranged by voting group:

NAME & ADDRESS & SHARES

Velappan Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418              100 Shares

Karen Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418              100 Shares

On motion duly made, seconded and unanimously carried, the Secretary was directed to append the said By-laws at length in the minute book.

There being no further business before the meeting, the same was, on motion, duly adjourned.

Dated: 31 January 2000

_____
Elsie Sanchez, Secretary

## ASSIGNMENT OF INCORPORATOR'S INTEREST

I hereby assign to:

Velappan Veeraswamy

Karen Veeraswamy

all my rights, title and interest as an incorporator of ASHAND ENTERPRISES, INC. a corporation organized under the laws of the State of New York.

EXECUTED this 31 January 2000

_____
Elsie Sanchez, Incorporator

# MINUTES

# OF

# ASHAND ENTERPRISES, INC.



SPIEGEL & UTRERA, P.A., P.C.
L A W Y E R S

SUITE 711  45 JOHN STREET  NEW YORK, NY  10038  (212) 962-1000 (800) 576-1100 - FACSIMILE (212) 964-5600
http://www.amerilawyer.com

# WAIVER OF NOTICE OF

# THE FIRST MEETING OF INCORPORATORS

# OF

# ASHAND ENTERPRISES, INC.

We, the undersigned, being all of the Incorporators named in the Certificate of Incorporation of, ASHAND ENTERPRISES, INC. , do hereby waive all notice of the first meeting of Incorporators of said corporation, and do hereby agree and consent that the 31 January 2000, at 1:00, o'clock this pm, be and the same hereby fixed as the time and the attorney's office of the corporation at Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, New York 10038, as the place for holding the same; and that such business may be transacted thereat as may lawfully come before said meeting.

Dated:  31 January 2000

_____

Elsie Sanchez, Incorporator

# MINUTES

## OF

## THE FIRST MEETING OF MINUTES OF INCORPORATORS

## OF

## ASHAND ENTERPRISES, INC.

held at Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, New York 10038 on the 31 January 2000, at 1:00 o'clock pm, Elsie Sanchez, the sole Incorporator listed in the Certificate of Incorporation of this corporation called the meeting to order.

The following, being all of the Incorporators to the Certificate of Incorporation were present in person:

NAME & ADDRESS

Elsie Sanchez
45 John Street, Suite 711
New York City, New York  10038

On motion duly made, seconded and carried, Elsie Sanchez was elected Chairman of the meeting, and Elsie Sanchez, Secretary thereof.

The Chairman and Secretary accepted their respective offices, and proceeded with the discharge of their duties.

A written waiver of notice of the time and place of holding the present meeting, signed by all of the Incorporators of this corporation was then presented and read by the Secretary, and the same was ordered filed and spread at length upon the minutes.

The Secretary then presented and read to the meeting a copy of the Certificate of Incorporation of the corporation and reported that on the 24th day of January, 2000, the original thereof was filed in the office of the Department of State; that the filing fees and taxes have been paid, and on motion duly made and carried, it was

RESOLVED, that said report be accepted as correct and the Secretary is directed to append these Minutes a copy of said Certificate of Incorporation and original receipt issued by the Department of State showing payment of the statutory organization tax, the filing fee and the date of filing of the Certificate.

The Incorporators then tendered their resignations as Directors and Officers of the corporation named in its Certificate of Incorporation, effective immediately upon the adjournment of this meeting, and upon motion duly made, seconded, and unanimously adopted, said resignations were accepted and ordered spread upon the minutes.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that this corporation shall have a board of directors consisting of two members.

Upon motion duly made, seconded and unanimously carried, the following named persons were elected as Directors of the corporation to serve until the next annual meeting of the Stockholders or until their successors are duly elected and qualified:

Velappan Veeraswamy

Karen Veeraswamy

The Chairman then reported that Spiegel & Utrera, P.A., P.C.'s legal services had been requested to form the Corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the Treasurer was directed to pay from the Corporate funds, the total expenses of organizing the Corporation, approval for payment being given for the legal services rendered by Spiegel & Utrera, P.A., P.C. to the Corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that Elsie Sanchez or Margarita M. Sabalones, if requested by the corporation, shall be appointed treasurer or assistant treasurer of this corporation for the sole purpose of completing and submitting to the Internal Revenue Service form SS-4, Application for Employer Identification Number.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that Russell D. Williams, Esquire, staff counsel of Spiegel & Utrera, P.A., P.C., if requested by the corporation, shall be appointed assistant secretary of this Corporation for the sole purpose of completing and submitting to the New York Department of Revenue, Application for New York Sales and Use Tax.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the above-named directors of this corporation be promptly notified of their election and requested to meet at their earliest opportunity after the adjournment of this meeting to elect the officers of the corporation and to take such action as may be deemed necessary to complete the organization of the corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the board of directors be and they are hereby authorized to issue all of the unsubscribed capital stock of this corporation at such time and in such amounts as shall be determined by the board, and to accept in payment thereof money, labor done, labor for future services, or such property as the board of directors may determine may be necessary of the use and lawful purposes of the corporation.

The Chairman then submitted for the consideration of the meeting a set of proposed By-laws and stated that the same had been prepared by counsel for the corporation in accordance with the instructions of the Incorporators.

The same were then taken up, read and considered, clause by clause, and adopted as the By-laws of the corporation.

# EXHIBIT B

B6F (Official Form 6F) (12/07) - Cont.

In re  Ashand Enterprises, Inc.                                    ,          Case No. _____
                            **Debtor**                                                                                    *(If known)*

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| Securities & Exchange Commission Northeast Regional Office Woolworth Building 233 Broadway New York, NY 10279 | | | | | | | Notice Only |
| ACCOUNT NO. | | | Possible Violations amount unknown | | | | |
| The Environemental Control Board of the City of NY 3030 Third Avenue Bronx, NY 10455 | | | | | | X | 0.00 |
| ACCOUNT NO. | | | | | | | |
| United States Attorney's Office Eastern District of New York Attn: Civil Division, Bankruptcy Process 271 Cadman Plaza Brooklyn, NY 11201-1820 | | | | | | | Notice Only |
| ACCOUNT NO. | | | Equity holder | | | | |
| Velappan Veeraswarmy 85-45 115th Street Richmond Hill, NY 11418 | | | | | | | Notice Only |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |

Sheet no.  2   of  2   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶ | $ | 0.00
Total ▶ | $ | 21,499.00

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - HKF7-Z7CY***** - Adobe PDF

EXHIBIT C

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

                                            Case No.  13-44999-CEC

       Ashand Enterprises, Inc.

                                            Chapter 11

         Debtor,

--------------------------------------------------------x

## ORDER ~~AUTHORIZING AND~~ _CONDITIONALLY (CEC)_ APPROVING SALE OF THE DEBTOR'S PROPERTY LOCATED AT 1114 WARD AVENUE BRONX, NY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND GRANTING RELATED RELIEF

       UPON the motion dated February 4, 2014 (the "Motion"), of Ashand Enterprises, Inc., the above captioned debtor and debtor-in-possession in this Chapter 11 case (the "Debtor"), by its attorneys, Bronson Law Offices, P.C., for entry of an order authorizing the Debtor to sell its real property; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the ~~Sale~~ _(CEC)_ Motion and opportunity for objection having been given, and there being no objections to the relief requested in the Motion; and this matter having come before the Court on March 5, 2014 (the "Sale Hearing"):

THE COURT HEREBY FINDS AND CONCLUDES:

       A.     The Debtor has articulated good and sufficient reasons for this Court to _conditionally (CEC)_ grant the relief requested in the Motion, including adequate justification for the sale of the Debtor's sole income-producing asset, the real property located at 1114 Ward Avenue, Bronx, NY (the "Property").  Sound business reasons exist

to support the Debtor's business judgment to sell the Property by private sale as is authorized under Bankruptcy Rule 6004(f)(1).

B.       The Debtor's determination that the Contract of Sale (defined in the ~~Sale~~ *(CEC)* Motion) constitutes the highest and best offer for the Property, constitutes a valid and sound exercise of the Debtor's business judgment.

C.       Ellis Equities LLC (the "Purchaser") is purchasing the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) the Purchaser is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code; (ii) the negotiation and execution of the Contract of Sale was at arms length and done in good faith.

BASED UPON THE FOREGOING FINDINGS, IT IS HEREBY, ORDERED, THAT:

1.       The relief requested in the Motion is granted and approved under the terms of this Order.

2.       The Contract of Sale is hereby approved conditioned upon the confirmation of a chapter 11 plan of reorganization ***providing for all claims against the Debtor to be paid in full (CEC)***.

3.       Pursuant to section 363(b) of the Bankruptcy Code, ***upon confirmation of a chapter 11 plan of reorganization providing for all claims against the Debtor to be paid in full, (CEC)*** the Debtor is authorized, ***and*** empowered ~~and directed~~ *(CEC)* to (a) consummate the sale of the Property to the Purchaser pursuant to and in accordance with

2

the terms and conditions of the Contract of Sale, (b) close the sale as contemplated in the

Contract of Sale, ~~and in~~ this Order, ***and an order confirming the plan of reorganization***

***(CEC)*** (c) pay the ***Secured*** Lender ***(as defined in paragraph 8 of this Order) (CEC)*** and

other creditors of the Debtor in accordance with Paragraph 8 of this Order and (d)

execute and deliver, perform under, consummate, implement and close fully the Contract

of Sale, together with all additional instruments and documents that may be reasonably

necessary to implement the Contract of Sale and the sale.

4.      This Order shall be binding upon the Debtor, the estate, all creditors, all

holders of equity interests in any Debtor, holders of any claims against any Debtor,

holders of liens against or on any portion of the Property, the Purchaser (and successors

and assigns of the Purchaser), and any subsequently appointed trustees in this chapter 11

case or upon a conversion to Chapter 7 under the Bankruptcy Code of the Debtor's case.

This Order and the Contract of Sale shall inure to the benefit of the Debtor, its estate and

creditors, the Purchaser and their respective successors and assigns.

5.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the

Bankruptcy Code, ***upon confirmation of the plan of reorganization providing for all***

***claims against the Debtor to be paid in full, (CEC)*** the Debtor is authorized ~~and directed~~

***(CEC)*** to transfer the Property to the Purchaser on the closing date. Effective upon the

closing, and subject to payment in full of the ***Secured (CEC)*** Lender in accordance with

Paragraph 8(a), the Property shall be owned by the Purchaser free and clear of all liens,

claims, encumbrances or other interests, and all parties having liens shall have their liens

attached to the proceeds of the sale, to the extent not paid in full at the closing.

6.     Except as expressly permitted or otherwise specifically provided by the Contract of Sale, or by this Order, all persons holding liens or interests in all or any portion of the Property arising under or out of, in connection with, or otherwise relating to the Debtor or the Property, prior to the closing date of the sale of the Property to the Purchaser, are hereby forever barred, estopped and permanently enjoined from asserting any such liens or interests against the Purchaser or its successors or assigns, their property or the Property.  Notwithstanding the foregoing, the ***Secured (CEC)*** Lender's mortgages remain as liens against the Property until the ***Secured (CEC)*** Lender is paid in full in accordance with Paragraph 8(a) of this Order.

7.     On the closing date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release liens or encumbrances on the Property, if any, as provided for herein, as such liens may have been recorded or may otherwise exist. Upon consummation of the transactions set forth in the Contract of Sale, the Purchaser shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.  Notwithstanding the foregoing, the Purchaser is not authorized to execute discharges of the ***Secured (CEC)*** Lender's mortgages.  The ***Secured (CEC)*** Lender shall provide to the Purchaser executed discharges of its Mortgages upon payment in full of the Lender in accordance with Paragraph 8(a) of this Order, which discharges the Purchaser shall be authorized to file.

4

8.    _Upon confirmation of the plan of reorganization providing for all claims against the Debtor to be paid in full, and closing of the sale, (CEC)_ the Debtor is authorized and directed to distribute, by itself or through its or the Purchaser's closing agents, the proceeds from the closing of the sale of the Property as follows:

a.    First, to CF SBC Pledgor 1 2012-1 Trust (the "Secured Lender"), pursuant to Proof of Claim #2, the sum of: (a) $4,498,277.09 (which is the amount due to the Secured Lender as of February 28, 2014, except that it includes legal fees and costs through only February 18, 2014); (b) per diem interest accruing at the rate of $1,139.29 for each day after February 28, 2014 through and including the date of payment in full of the Lender (or such other per diem rate as is applicable after a rate adjustment under the Lender's Loan Documents); (c) any additional reasonable attorneys' fees and costs of the Lender on or after February 18, 2014, as shown by time diaries of the Lender's counsel; and (d) any additional costs incurred by the Lender through the date of closing, which sums must be paid at closing;

b.    $26,712.67 to NYC Office of Administrative Trials and Hearings (pursuant to Proof of Claim #4) or such lower negotiated amount;

c.    Such other customary fees necessary to effectuate the transfer and closing of the sale of the Property pursuant to the Contract of Sale.

d.    The net sale proceeds (after paying the items (a) through (c) above) shall be paid to Bronson Law Offices, P.C.'s escrow account as disbursement agent and disbursed pursuant to an approved chapter 11

plan of reorganization.  The remaining funds after all of Debtor's

creditors have been satisfied in full shall be disbursed pursuant to the

State Court Order dated October 2, 2013 in the New York Supreme

Court, County of Queens, Matrimonial Part, as may be amended or

modified at the time of disbursement.

9.      This Order shall be binding upon all persons, including filing agents, filing

officers, title agents, title companies, recorders of mortgages, recorders of deeds,

registrars of deeds, administrative agencies, governmental departments, secretaries of

state, federal and local officials, and all other persons who may be required by operation

of law, the duties of their office, or contract, to accept, file, register or otherwise record or

release any documents or instruments, or who may be required to report or insure any

title or state of title in or to any lease; and each of the foregoing  persons is hereby

directed to accept for filing any and all of the documents and instruments necessary and

appropriate to consummate the transactions contemplated by the Contract of Sale.

10.      Pursuant to Bankruptcy Rules ~~7062, 9014,~~ *(CEC)* 6004(h) and 6006(d),

this Order shall be effective upon entry and*, **upon confirmation of a chapter 11 plan of

reorganization that provides for all claims against the Debtor to be paid in full,** (CEC)*

the Debtor and the Purchaser are authorized to close the Sale*.* ~~upon entry of this Order

and pursuant to a confirmed chapter 11 plan of reorganization.~~ *(CEC)*

11.      To the extent that this Order is inconsistent with any prior order or

pleading with respect to the ~~Sale~~ *(CEC)* Motion in this Chapter 11 Case, the terms of this

Order shall govern.

6

12.     To the extent that this Order is inconsistent with the Contract of Sale, the terms of this Order shall govern.



Dated: Brooklyn, New York
       March 25, 2014

_____
Carla E. Craig
United States Bankruptcy Judge

7