# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF NEW YORK

*In re:*

VELAPPAN VEERASWAMY,

Debtor

**ANSWER TO AMENDED COMPLAINT**

Case 1-18-42030 (CEC)
Adv. Pro. No.: 19-01018 (CEC)

LORI LAPIN JONES, solely in her capacity
as Chapter 7 Trustee of the Estate of Velappan Veeraswamy,
Plaintiff,

-Against-

KAREN VEERASWAMY and
JOHN J. NAPOLITANO, ATTORNEY AT LAW,
Defendants

RECEIVED 2019 JUN -5 P 12: 14
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT KAREN VEERASWAMY TO
## PLAINTIFF'S AMENDED COMPLAINT

Karen Veeraswamy ("Defendant", "Karen") in answer to the Amended Complaint (doc# 3) of Lori Lapin Jones ("Plaintiff"), states as follows:

### JURISDICTION AND VENUE

1. In response to paragraph 1 of the Amended Complaint, Defendant states that this is a statement or legal conclusions which are not subject to denial or admission.

2. In response to paragraph 2 of the Amended Complaint, Defendant states that this is legal conclusions which are not subject to denial or admission.

3. In response to paragraph 3 of the Amended Complaint, Defendant states that this is legal conclusions which are not subject to denial or admission.

4. In response to paragraph 4 of the Amended Complaint, Defendant states that this is legal conclusions which are not subject to denial or admission.

5. In response to paragraph 5 of the Amended Complaint, Defendant states that this is legal conclusions which are not subject to denial or admission.

6. In response to paragraph 6 of the Amended Complaint, Defendant does not consents to the entry of final Orders and judgment by this Court if it is determined that this Court, cannot enter final Orders or judgment consistent with Article III of the United States Constitution

## BACKGROUND AND PARTIES

7. In response to paragraph 7 of the Amended Complaint, Defendant admits that Karen is an individual who resides in New York.

8. In response to paragraph 8 of the Amended Complaint, Defendant has no sufficient knowledge or information to either deny or admit regarding place of business of John Napolitano.

9. In response to paragraph 9 of the Amended Complaint, Defendant admits that Napolitano is/was counsel to Karen in connection with a matrimonial action pending/was pending in the Supreme Court of the State of New York, County of Queens ("State Court"), under Index No. 12256/11 captioned Karen Veeraswamy v. Velappan Veeraswamy ("Matrimonial Action").

10. In response to paragraph 10 of the Amended Complaint, Defendant states that this is legal conclusions which are not subject to denial or admission.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### A.  The Debtor's Pending Bankruptcy Case

11. In response to paragraph 11 of the Amended Complaint, Defendant states that this is a statement or legal conclusions which are not subject to denial or admission.

12. In response to paragraph 12 of the Amended Complaint, Defendant states that this is a statement or legal conclusions which are not subject to denial or admission.

13. In response to paragraph 13 of the Amended Complaint, Defendant states that this is a statement or legal conclusions which are not subject to denial or admission.

14. In response to paragraph 14 of the Amended Complaint, Defendant admits that sometime after the Conversion Date, the Debtor ("Debtor") Velappan Veeraswamy died.

### B. The Matrimonial Action

15. In response to paragraph 15 of the Amended Complaint, Defendant admits that as of the Filing Date, the Debtor and Karen were married.

16. In response to paragraph 16 of the Amended Complaint, Defendant admits that as of the Filing Date, the Matrimonial Action was pending.

17. In response to paragraph 17 of the Amended Complaint, Defendant admits that as of the Conversion Date, the Debtor and Karen were married.

18. In response to paragraph 18 of the Amended Complaint, Defendant admits that as of the Conversion Date, the Matrimonial Action was pending.

19. In response to paragraph 19 of the Amended Complaint, Defendant admits that as of the date of Amended Complaint, no judgment of divorce was entered by the State Court in the Matrimonial Action.

20. In response to paragraph 20 of the Amended Complaint, Defendant admits that as of the date of Amended Complaint, the Matrimonial action was pending.

## C. **The Ashand Enterprises, Inc. Bankruptcy Case**

21. In response to paragraph 21 of the Amended Complaint, Defendant states that this is a legal conclusions or statements which are not subject to denial or admission.

22. In response to paragraph 22 of the Amended Complaint, Defendant admits that on or about November 25, 2013, Karen caused a notice to be filed in the Ashand bankruptcy case, a copy of which is annexed as Exhibit A in Plaintiff's Amended Complaint.

23. In response to paragraph 23 of the Amended Complaint, Defendant admits that Annexed to the above referenced Notice is a Compliance Conference Order dated October 2, 2013 from the Matrimonial Action ("Compliance Order").

24. In response to paragraph 24 of the Amended Complaint, Defendant admits that the Compliance Order provides, in pertinent part, that That "all net

proceeds of sale of a 72 unit Bronx apartment building (1114 Ward Ave) owned by Ashand Enterprises, Inc. and presently the subject of a bankruptcy Proceeding (Eastern District Case no. 13-44999) shall be held in escrow by John Napolitano until further order of this court or written agreement of the parties"

25. In response to paragraph 25 of the Amended Complaint, Defendant admits that by Order dated March 25, 2014 ("Ashand March 2014 Order") [Case No. 13-44999, Dkt. No. 95], this Court conditionally approved the sale of Ashand's real property located at 1114 Ward Avenue, Bronx, New York ("Ashand Property"). The Ashand March 2014 Order provides that "[t]he remaining funds **after all of [Ashand's] creditors have been satisfied in full** shall be disbursed pursuant to the State Court Order dated October 2, 2013 in the New York Supreme Court, County of Queens, Matrimonial Part, as may be amended or modified at the time of disbursement". Debtor Velappan Veeraswamy was listed as equity creditor in the bankruptcy filing. ( **Exhibit A**)

26. In response to paragraph 26 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information to either to admit or deny the statement made by counsel of Ashand Enterprises, Inc.

27. In response to paragraph 27 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information to either to admit or deny the statement made by counsel of Ashand Enterprises, Inc.

28. In response to paragraph 28 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information to either to admit or deny the statement made by counsel of Ashand Enterprises, Inc.

29. In response to paragraph 29 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information to either to admit or deny the statement made by counsel of Ashand Enterprises, Inc.

30. In response to paragraph 30 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information to either to admit or deny the statement made by counsel of Ashand Enterprises, Inc.

31. In response to paragraph 31 of the Amended Complaint, Defendant states that this is legal conclusions or statements which are not subject to denial or admission.

32. In response to paragraph 32 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

33. In response to paragraph 33 of the Amended Complaint, Defendant **denies** that Debtor was Ashand's sole equity holder.  Defendant further states that Karen was 50 percent equity shareholder of Ashand Enterprises, Inc. **(Exhibit B)**

34. In response to paragraph 34 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

35. In response to paragraph 35 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

36. In response to paragraph 36 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

44. In response to paragraph 44 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

45. In response to paragraph 45 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

46. In response to paragraph 46 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

47. In response to paragraph 47 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

48. In response to paragraph 48 of the Amended Complaint, Defendant states that Plaintiff is not likely to prevail on the merits of her claims against Karen based upon the allegations set forth herein and the facts of this case.

49. In response to paragraph 49 of the Amended Complaint, Defendant states that Karen and Napolitano will be harmed by the issuance of injunction because the requested injunctive relief will not return the parties to their positions as of the Filing Date.

50. In response to paragraph 50 of the Amended Complaint, Defendant denies that balance of hardships weighs decidedly in favor of the granting of injunctive relief.

51. In response to paragraph 51 of the Amended Complaint, Defendant states that Plaintiff is not entitled to any order or judgment granting a preliminary or permanent injunction.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

52. In response to paragraph 52 of the Amended Complaint, Defendant repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 37 inclusive, with the same force and effect as if set forth at length herein.

53. In response to paragraph 53 of the Amended Complaint, Defendant **denies** that as of the Filing Date, the State Court had not entered any judgment (or Order) in Karen's favor in the Matrimonial Action. (**Exhibit C** )

54. In response to paragraph 54 of the Amended Complaint, Defendant **denies** that as of the Conversion Date, the State Court had not entered any judgment (or Order) in Karen's favor in the Matrimonial Action. (**Exhibit C** )

55. In response to paragraph 55 of the Amended Complaint, Defendant states that this is a statement or legal conclusions which are not subject to denial or admission.

56. In response to paragraph 56 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

57. In response to paragraph 57 of the Amended Complaint, Defendant states that Plaintiff is not entitled to any declaratory judgment.

## THIRD CLAIM FOR RELIEF
### (Turnover of Property of the Estate)

58. In response to paragraph 58 of the Amended Complaint, Defendant repeats, reiterates, and re-alleges each and every answer to the allegations in paragraphs 1 through 37 inclusive, with the same force and effect as if set forth at length herein.

59.  In response to paragraph 59 of the Amended Complaint, Defendant **denies** that as of the Filing Date, the State Court had not entered any judgment (or Order) in Karen's favor in the Matrimonial Action.  (**Exhibit C** )

60.  In response to paragraph 60 of the Amended Complaint, Defendant **denies** that as of the Conversion Date, the State Court had not entered any judgment (or Order) in Karen's favor in the Matrimonial Action. (**Exhibit C** )

61. In response to paragraph 61 of the Amended Complaint, Defendant states that this is a statement or legal conclusions which are not subject to denial or admission.

62. In response to paragraph 62 of the Amended Complaint, Defendant has NO sufficient personal knowledge or information either to admit or deny the statement about "Equity distribution".

63. In response to paragraph 63 of the Amended Complaint, Defendant states that Plaintiff is not entitled to any order.


In response to the unnumbered paragraph beginning with "WHEREFORE..," Defendant denies that Plaintiff is entitled to any relief of any kind.


## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Amended Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief.

## SECOND AFFIRMATIVE DEFENSE
### (RES JUDICATA)

All of Plaintiff's claims are barred because this Court already decided the issues of proceeds of real estate sale of 111 Ward Ave, in Re: Ashand Enterprises, Inc. Case No. 13-44999-CEC

## THIRD AFFIRMATIVE DEFENSE
### (COLLATERAL ESTOPPEL)

All of Plaintiff's claims are barred because of collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO JOIN NECESSARY OR INDISPENSABLE PARTY)

All of Plaintiff's claims are barred because Plaintiff failed to enjoin Ashand Enterprises, Inc., as a party in this action.

## FIFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Amended Complaint and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Karen Veeraswamy prays as follows:

(1) That Plaintiff takes nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(2) For such other and further relief as the Court may deem just and proper

Respectfully Submitted,

DATE: 06/05/19

KAREN VEERASWAMY (*PRO SE*)
P.O.Box 863695
RIDGEWOOD, NY 11385
TEL: (917)620-9359
Email: ammasami@gmail.com

Cc: LaMONICA HERBST & MANISCALCO, LLP
Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793

Bronson Law Firm
480 Mamaroneck Ave
Harrison, NY 10528

EXHIBIT A

B6F (Official Form 6F) (12/07) - Cont.

In re  Ashand Enterprises, Inc._____,          Case No. _____
                    **Debtor**                                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Securities & Exchange Commission<br>Northeast Regional Office<br>Woolworth Building<br>233 Broadway<br>New York, NY 10279 | | | | | | | Notice Only |
| ACCOUNT NO.<br><br>The Environemental Control Board of the City of NY<br>3030 Third Avenue<br>Bronx, NY 10455 | | | Possible Violations amount unknown | | | X | 0.00 |
| ACCOUNT NO.<br><br>United States Attorney's Office<br>Eastern District of New York<br>Attn: Civil Division, Bankruptcy Process<br>271 Cadman Plaza<br>Brooklyn, NY 11201-1820 | | | | | | | Notice Only |
| ACCOUNT NO.<br><br>Velappan Veeraswarmy<br>85-45 115th Street<br>Richmond Hill, NY 11418 | | | Equity holder | | | | Notice Only |
| ACCOUNT NO. | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

|  | | Subtotal ▶ | $ | 0.00 |
|---|---|---|---|---|
|  | | Total ▶ | $ | 21,499.00 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-792 - HKIZ-ZFCV**** - Adobe PDF

EXHIBIT B

# OFFICIAL

# CORPORATE RECORDS

# OF

# ASHAND ENTERPRISES, INC.



SPIEGEL & UTRERA, P.A., P.C.
L A W Y E R S

Suite 711 • 45 John Street • New York, NY 10038
(212) 962-1000 • Fax (212) 964-5600

## MINUTES OF ORGANIZATION MEETING OF DIRECTORS OF

## ASHAND ENTERPRISES, INC.

The Organization Meeting of the Board of Directors was held at 87-10 Lefferts Boulevard, Second Floor, Richmond Hill, New York 11418 on the 31 January 2000 at 2:00 o'clock this pm.

The following were present:

Velappan Veeraswamy
Karen Veeraswamy

being a quorum and all of the Directors of the corporation.

Velappan Veeraswamy was nominated and elected temporary chairman and acted as such until relieved by the president.  Karen Veeraswamy was nominated and elected temporary secretary, and acted as such until relieved by the permanent secretary.

The secretary, then presented and read to the meeting a copy of the Certificate of Incorporation of the corporation and reported that on the 24th day of January, 2000, the original thereof was duly filed by the office of the Department of State of the State of New York.

Upon motion duly made, seconded and carried, said report was adopted and the secretary was directed to append to these minutes a copy of the Certificate of Incorporation.

The Secretary presented and read the Minutes of the First Meeting of Incorporators of the Corporation.

Upon motion duly made, seconded and carried, said the Minutes of the First Meeting of Incorporators of the Corporation were in all respects ratified, confirmed and approved as adopted by the Incorporator(s) and the Secretary was directed to file these among the Corporation's records.

The following were duly nominated and, a vote having been taken, were unanimously elected officers of the corporation to serve for one year and until their successors are elected and qualified:

President:  Velappan Veeraswamy

Vice-President:

Secretary:  Karen Veeraswamy

Treasurer:  Karen Veeraswamy

RESOLVED, that the president be and hereby is authorized to designate the principal office of the corporation in the State of New York as the office for service of process upon the corporation and designate such agent or agents for service of process as the president may deem advisable from time to time, and to file with the Department of State, immediately and thereafter as required, the appropriate certificates designating the office of and agent or agents for service of process on this corporation.

RESOLVED, that upon delivery to the corporation of said assets and the execution and delivery of such proper instruments as may be necessary to transfer and convey the same to the corporation, the officers of this corporation are authorized and directed to execute and deliver the certificate or certificates for such shares as are required to be issued and delivered to the consideration of:

NAME   ADDRESS                SHARES

Velappan Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418                 100 Shares

Karen Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418                 100 Shares

After fixing a record date for a meeting, the corporation shall prepare an alphabetical list of the names of all its shareholders who are entitled to notice of a shareholder meeting.

The Chairman presented to the meeting a form of Certificate required under Tax Law Section 275A to be filed in the Office of the Tax Commissioner.

Upon Motion duly made, seconded and carried, it was

RESOLVED that the proper officers of this corporation are hereby authorized and directed to execute and file such Certificate forthwith

RESOLVED that all of the acts taken and decisions made at the organization meeting be and are hereby ratified and it was

# STOCKHOLDER LIST

## OF

## ASHAND ENTERPRISES, INC.

The following is a list of all stockholders arranged by voting group:

NAME & ADDRESS & SHARES

Velappan Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418              100 Shares

Karen Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418              100 Shares

On motion duly made, seconded and unanimously carried, the Secretary was directed to append the said By-laws at length in the minute book.

There being no further business before the meeting, the same was, on motion, duly adjourned.

Dated: 31 January 2000

_____
Elsie Sanchez, Secretary

## ASSIGNMENT OF INCORPORATOR'S INTEREST

I hereby assign to:

Velappan Veeraswamy

Karen Veeraswamy

all my rights, title and interest as an incorporator of ASHAND ENTERPRISES, INC. a corporation organized under the laws of the State of New York.

EXECUTED this 31 January 2000

_____
Elsie Sanchez, Incorporator

# MINUTES

# OF

# ASHAND ENTERPRISES, INC.



SPIEGEL & UTRERA, P.A., P.C.

L A W Y E R S

SUITE 711  45 JOHN STREET  NEW YORK, NY  10038  (212) 962-1000 (800) 576-1100 - FACSIMILE (212) 964-5600
http://www.amerilawyer.com

# WAIVER OF NOTICE OF

## THE FIRST MEETING OF INCORPORATORS

### OF

### ASHAND ENTERPRISES, INC.

We, the undersigned, being all of the Incorporators named in the Certificate of Incorporation of, ASHAND ENTERPRISES, INC. , do hereby waive all notice of the first meeting of Incorporators of said corporation, and do hereby agree and consent that the 31 January 2000, at 1:00, o'clock this pm, be and the same hereby fixed as the time and the attorney's office of the corporation at Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, New York 10038, as the place for holding the same; and that such business may be transacted thereat as may lawfully come before said meeting.

Dated:  31 January 2000

_____
Elsie Sanchez, Incorporator

# MINUTES

## OF

## THE FIRST MEETING OF MINUTES OF INCORPORATORS

## OF

## ASHAND ENTERPRISES, INC.

held at Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, New York 10038 on the 31 January 2000, at 1:00 o'clock pm, Elsie Sanchez, the sole Incorporator listed in the Certificate of Incorporation of this corporation called the meeting to order.

The following, being all of the Incorporators to the Certificate of Incorporation were present in person:

NAME & ADDRESS

Elsie Sanchez
45 John Street, Suite 711
New York City, New York   10038

On motion duly made, seconded and carried, Elsie Sanchez was elected Chairman of the meeting, and Elsie Sanchez, Secretary thereof.

The Chairman and Secretary accepted their respective offices, and proceeded with the discharge of their duties.

A written waiver of notice of the time and place of holding the present meeting, signed by all of the Incorporators of this corporation was then presented and read by the Secretary, and the same was ordered filed and spread at length upon the minutes.

The Secretary then presented and read to the meeting a copy of the Certificate of Incorporation of the corporation and reported that on the 24th day of January, 2000, the original thereof was filed in the office of the Department of State; that the filing fees and taxes have been paid, and on motion duly made and carried, it was

RESOLVED, that said report be accepted as correct and the Secretary is directed to append these Minutes a copy of said Certificate of Incorporation and original receipt issued by the Department of State showing payment of the statutory organization tax, the filing fee and the date of filing of the Certificate.

The Incorporators then tendered their resignations as Directors and Officers of the corporation named in its Certificate of Incorporation, effective immediately upon the adjournment of this meeting, and upon motion duly made, seconded, and unanimously adopted, said resignations were accepted and ordered spread upon the minutes.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that this corporation shall have a board of directors consisting of two members.

Upon motion duly made, seconded and unanimously carried, the following named persons were elected as Directors of the corporation to serve until the next annual meeting of the Stockholders or until their successors are duly elected and qualified:

Velappan Veeraswamy

Karen Veeraswamy

The Chairman then reported that Spiegel & Utrera, P.A., P.C.'s legal services had been requested to form the Corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the Treasurer was directed to pay from the Corporate funds, the total expenses of organizing the Corporation, approval for payment being given for the legal services rendered by Spiegel & Utrera, P.A., P.C. to the Corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that Elsie Sanchez or Margarita M. Sabalones, if requested by the corporation, shall be appointed treasurer or assistant treasurer of this corporation for the sole purpose of completing and submitting to the Internal Revenue Service form SS-4, Application for Employer Identification Number.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that Russell D. Williams, Esquire, staff counsel of Spiegel & Utrera, P.A., P.C., if requested by the corporation, shall be appointed assistant secretary of this Corporation for the sole purpose of completing and submitting to the New York Department of Revenue, Application for New York Sales and Use Tax.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the above-named directors of this corporation be promptly notified of their election and requested to meet at their earliest opportunity after the adjournment of this meeting to elect the officers of the corporation and to take such action as may be deemed necessary to complete the organization of the corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the board of directors be and they are hereby authorized to issue all of the unsubscribed capital stock of this corporation at such time and in such amounts as shall be determined by the board, and to accept in payment thereof money, labor done, labor for future services, or such property as the board of directors may determine may be necessary of the use and lawful purposes of the corporation.

The Chairman then submitted for the consideration of the meeting a set of proposed By-laws and stated that the same had been prepared by counsel for the corporation in accordance with the instructions of the Incorporators.

The same were then taken up, read and considered, clause by clause, and adopted as the By-laws of the corporation.

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------x
KAREN VEERASWAMY,

                        Plaintiff,

        - against -

VELAPPAN VEERASWAMY,
                       Defendant.
----------------------------------------------------------------x

NOTICE OF ENTRY

Index No. 12256/11

PLEASE TAKE NOTICE  that the attached is a true copy of a DECISION/ORDER in the above matter

signed by The Honorable Anna Culley, A.J.S.C on  October 7, 2013  and entered in the Office of the Clerk

of the Supreme Court, Queens County, on the 7th day of October, 2013.

Dated: Queens, NY
        October 10, 2013

                              JOHN NAPOLITANO, ESQ.
                              Attorney for Plaintiff
                              94-09 101st Avenue
                              Ozone Park, NY  11416
                              718-845-3070

TO:    M. Jospeh Levin, Esq.
        86-16 Queens Boulevard, Suite 206
        Elmhurst, New York  11373

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS, IA PART 53

------------------------------------------------------------------x

KAREN VEERASWAMY,

                             Plaintiff,

        -against-

VELAPPAN VEERASWAMY,

                             Defendant.

------------------------------------------------------------------x

Index No.: 12256/11

Motion Seq. No.: 1
Papers Submitted: May 14, 2013

DECISION/ORDER

HON. ANNA CULLEY, A.J.S.C.

The foregoing papers numbered 1 to 4 were read on this motion by defendant for an order seeking to downwardly modify his child support payments. Plaintiff cross-moves for 1) an award of temporary maintenance; 2) temporary custody of the parties' son to the plaintiff; 3) upwardly modifying defendant's child support payments; 4) granting plaintiff exclusive use and occupancy of marital residence located at 85-45 115th Street, Richmond Hill, NY; 5) compelling defendant to comply with outstanding disclosure; 6) compelling defendant to resume health insurance coverage for the plaintiff and the parties' son; 7) granting plaintiff interim counsel fees of $30,000.00; 8) compelling defendant to appear for an examination before trial; 9) ordering consequences if defendant does not obey a disclosure order; and 10) appointing a temporary receiver for a residential/commercial building located at 1114 Ward Avenue, Bronx, NY.

| | Papers Numbered |
|---|---|
| Motion - Affidavits - Exhibits ............................................................ | 1 |
| Notice of Cross Motion - Affidavits in Opposition - Exhibits ...................... | 2 |
| Reply Affidavit - Exhibit ................................................................. | 3 |
| Reply Affidavit in Support of Cross Motion - Exhibits .............................. | 4 |

        Upon the foregoing papers it is ordered that the motion is determined as set forth herein.

## BACKGROUND

The parties were married on December 22, 1990. There are two children born of the marriage; the first child, Asha Veeraswamy, born on March 24, 1992 and the second child, Anand Veeraswamy, born on October 3, 1999.

        On or about March of 2011, plaintiff and the two children left the marital home. On May 19, 2011 plaintiff commenced the instant action for divorce.

On July 30, 2012, the parties entered into a stipulation which was "so ordered" by the court (J. Esposito) wherein the defendant agreed to make bi-weekly child support and maintenance payments in the amount of $1,361.75.00. On October 2, 2012, the defendant moved for a downward modification of his child support obligation. Plaintiff cross-moved for various forms of relief as outlined above. These motions were continually adjourned by the prior judge and eventually submitted to this court for a decision in May of 2013.

## TEMPORARY CUSTODY OF THE MINOR CHILD

The court will first address the branch of plaintiff's cross-motion seeking temporary custody of the parties' minor child. The court's primary concern in any custody dispute is the best interests of the children. *A.-S. v. A.-S.*, 107 A.D.3d 703, 967 N.Y.S.2d 99, 102 (2013); *see also* DRL § 240(1)(a) (McKinney). When determining the best interests of the children, the court must consider "the ability to provide for the child's emotional and intellectual development, [and] the quality of the home environment and the parental guidance provided." *Gilleo v. Lienhard*, 19 A.D.3d 490, 798 N.Y.S.2d 454, 455 (2d Dept. 2005).

In the present action, it is in the minor child's best interest for temporary custody to be given to the plaintiff. The plaintiff has maintained custody of the minor child since she left the marital home. There is no reason to change custody at the present time. Based on the foregoing, it is

**ORDERED** that the plaintiff is granted, *pendente lite*, custody of the minor child.

## DEFENDANT'S REQUEST FOR A DOWNWARD MODIFICATION OF SUPPORT

In regard to defendant's request for an order of a downward modification of an existing child support obligation, the payor must prove he has experienced a "substantial and unanticipated change in circumstances." *Mera v. Rodriguez*, 74 A.D.3d 974, 904 N.Y.S.2d 83, 84 (2d Dept. 2010); *see e.g.*, DRL § 236(B)(9)(b) (McKinney), *Talty v. Talty*, 42 A.D.3d 546, 547, 840 N.Y.S.2d 114, 115 (2d Dept. 2007). To determine if there has been a substantial and unanticipated change in circumstances justifying a downward modification, the court must compare the payor's financial situation at the time the downward modification was requested to the payor's financial situation at the time the child support was ordered. *See Sannuto v. Sannuto*, 21 A.D.3d 901, 903, 800 N.Y.S.2d 601, 603 (2d Dept. 2005).

The defendant in this action did not meet his burden of establishing a substantial and unanticipated change in circumstances that would justify a downward modification of his existing support obligation. First, the defendant claims that his request for a downward modification of his support obligation should be granted because he is unable to earn enough money to support his current support obligation. The defendant asserts that at the same time his wife left the marital home, she stopped helping him manage a piece of property owned by the parties.[1] Defendant claims because his wife no longer helps him run this property, he is unable to earn an income that can support a bi-weekly child support order of $1,361.75 since the management of this property has cut into his time working as a real estate broker which he claims is his more lucrative profession. However, the plaintiff left the marital home and stopped assisting in the management of the property in March of 2011. The parties did not enter into the stipulation regarding the maintenance and child support payments until July 30, 2012; more than one year after the defendant no longer had plaintiff's help managing the property.

Comparing the defendant's financial situation on July 30, 2012 to his financial situation on October 2, 2012, it cannot be said that the defendant's loss of assistance to the running of the property was substantial enough to warrant a downward modification of his existing combined support obligation.

The defendant further claims that a downward modification of his existing child support obligation is warranted because several units on the property are difficult to rent. However, the defendant came into possession of the property on or around January 17, 1996 and, therefore, had several years to adjust to the complexities of owning that particular piece of real estate. Although the real estate market has seen difficulties over the past several years, it cannot be said that the condition of the real estate market between July 30, 2012 and October 2, 2012 was a substantial and unanticipated change allowing for a downward modification of the defendant's existing support obligation.

Finally, the defendant claims that his employment opportunities are restricted because of varying health issues. However, defendant has not provided any competent evidence to establish an inability to work. Accordingly, it is

---

[1]This property is situated in the Bronx and is owned by a corporation but neither parties dispute that this is not a marital asset. This property has approximately 70 residential units and three commercial tenants.

3

**ORDERED** that the defendant's motion for a downward modification of support obligation is denied.

## PLAINTIFF'S REQUEST FOR AN UPWARD MODIFICATION OF SUPPORT

The plaintiff moves for, among other things, an award of maintenance, an upward modification of the defendant's child support obligation, and an award of attorneys' fees. These requests are all contingent upon, what is arguably the most contested issue in this action, the true nature of the parties' income. The defendant claims an annual income of seventy-five thousand dollars ($75,000.00). Plaintiff, however, asserts that number is considerably deflated, and urges a higher annual income of $200,000 be imputed to the defendant for the purpose of determining *pendente lite* orders of maintenance, child support, and attorneys' fees. Plaintiff claims zero income on her Net Worth Statement and states that she currently is a student earning her Engineering Degree.

In opposition to plaintiff's request for an upward modification of the support award, defendant alleges that plaintiff owns real estate in land owned by the Seneca Nation and that she collects rents from a home on that land. This is neither denied nor addressed by the plaintiff. It is also unclear as to whether or not the children of the marriage receive tribal annuities for their own benefit. This has not been addressed by either party.

In matrimonial actions, when the court finds that a party's account of his or her own finances is not credible, "the court is justified in finding a true or potential income higher than that claimed." *Scammacca v. Scammacca*, 15 A.D.3d 382, 790 N.Y.S.2d 482 (2d Dept. 2005); *see also Gravenese v. Marchese*, 57 A.D.3d 992, 993, 870 N.Y.S.2d 444, 446 (2d Dept. 2008). The court may evaluate an imputed income based on the party's past income, demonstrated earning powers, and assets including the payor's real estate holdings and bank accounts. *See Id.; Cusumano v. Cusumano*, 96 A.D.3d 988, 989, 947 N.Y.S.2d 175, 176 (2d Dept. 2012); *see also Fragola v. Alfaro*, 45 A.D.3d 684, 685, 845 N.Y.S.2d 437, 438 (2d Dept. 2007) (holding that "[t]he [trial] court properly considered the father's assets, including his real estate holdings and his bank account, as well as his earning capacity...").

Plaintiff has provided credible evidence including; account statements from the defendant's Bank of India checking and savings accounts showing a balance, as of June 30, 2011, of approximately one million and three hundred thousand dollars ($1,300,000.00); a letter from

'Capital One stating that the defendant's checking account, as of April 1, 2011, had a balance of one hundred thirty-five thousand, one hundred seventy-one dollars and eighty-six cents ($135,171.86); numerous Money Grams sent by the defendant totaling in excess of four hundred thousand dollars ($400,000.00); and the financial affidavit of the defendant to Boricwa College for Ms. Sameera Shadan, defendant's alleged paramour, claiming a one hundred thousand dollar ($100,000.00) annual income. Further, the defendant values his personal wealth at about $10 million dollars. The court acknowledges that all of his wealth is not liquid and a portion is leveraged, however, it is clear that the defendant has personal income greater than his purported income of $75,000.00. It is further noted that he is driving a 2012 Lexus with a present value of over $35,000.00. It is inconceivable how someone with a purported income of $75,000.00 before taxes could afford a car that cost over 50% of his income after taxes.

The court finds, based on the above, that defendant's account of his own finances is not credible, an annual income of $150,000.00 will be imputed to the defendant for the purpose of determining the plaintiff's request for an upward modification of the existing maintenance and child support obligation, and attorneys' fees.

This court will calculate temporary maintenance and child support based on the imputed income of defendant and the purported lack of income of plaintiff.

In determining an award of *pendente lite* maintenance in a matter commenced after October 12, 2010, the court is required to apply the new mandatory *pendente lite* maintenance guidelines enacted by the legislature. *See* D.R.L.§ 236 B (5-a). In order to determine the temporary maintenance awarded, calculations are based upon each of the parties' income as defined by statute. The court must order the presumptive award of temporary maintenance unless the court finds that the presumptive award is unjust or inappropriate.

For purposes of the maintenance calculation, the parties annual gross income is used after deducting FICA and Medicare, which is equivalent to approximately 7.65%. In addition for NYC residents, you also deduct the amount paid for NYC income taxes. However, in this particular case, the defendant's tax return for 2012 does not show any amount of NYC income taxes or payment of FICA and Medicare. Therefore, those amounts will not be deducted in determining the correct presumptive award.

Under Step 1: ($150,000 x 30%=$45,000) less ($0 x 20%=$0)=$45,000

Under Step 2: $150,000 + 0 =$150,000 x 40%=$60,000

5

The lesser resulting amount is Step 1 or $45,000 per year or $3,750.00 per month.

As to child support, the court using the above amounts (father's income of $105,000 and mother at $45,000), and capping the income at $136,000.00, the parental child support obligation annually is $34,000.00 or $2,833.33 per month. The non-custodial parent's basic child-support obligation is $23,800.00 and custodial parent's child support obligation is $10,200.00. The non-custodial parents' basic child-support obligation is $1,983.33 per month and the custodial parent's obligation is $850.00 per month. The parties' obligation for un-reimbursed medical expenses and statutory add-ons is 70% father and 30% mother.

An award of temporary maintenance is appropriate so that the non monied spouse can work towards becoming economically independent from his or her former spouse, plaintiff in the instant action is entitled to receive temporary maintenance. *See DiBlasi v. DiBlasi*, 48 A.D.3d 403, 404, 852 N.Y.S.2d 195, 197 (2d Dept. 2008). Accordingly, it is

**ORDERED** that the branch of the plaintiff's motion seeking an upward modification in child support and maintenance payments is granted and the defendant is directed to pay maintenance in the amount of $3,750.00 per month and child support in the amount of $1,983.33 per month retroactive to the date of the request for an upward modification. Payments are to begin on November 1, 2013. The arrears can be paid at the rate of $1,500 per month or as agreed by the parties by written stipulation.

## PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

With regard to the branch of the motion seeking attorneys' fees, the court may order one party to pay the other party's attorneys' fees, if justice so requires. DRL § 237(a), (d). To ensure that the "matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet," courts have commonly held that justice requires an award of attorney's fees to redress "the economic disparity between [a] monied spouse and [a] non-monied spouse." *O'Shea v. O'Shea*, 93 N.Y.2d 187, 190-193, 711 N.E.2d 193, 195 (1999). The party requesting attorneys' fees must provide evidence of the amount requested, and show that they are "entitled to an award under the circumstances." *See Sassano v. Sassano*, 143 A.D.2d 893, 894, 533 N.Y.S.2d 507, 508 (2d Dept. 1988) (holding that attorneys' fees will not be awarded where there is a lack of evidence for the amount requested, and "there is a failure to sustain the burden of proving entitlement to an award under the circumstances"). If attorneys' fees are awarded, it must be

6

reasonable to those circumstances. *O'Shea v. O'Shea*, 93 N.Y.2d at 193, 711 N.E.2d at 197.

The plaintiff has proven that an economic disparity exists between herself and her husband that would warrant an award of attorneys' fees. Presently, the plaintiff's only income is a small annual tribal annuity, while the defendant, for the reasons discussed *supra*, is considered to earn $150,000 annually. Further, the defendant's non-compliance with outstanding discovery requests shows that he has no intention of moving this action along in a timely fashion; and because of his substantial assets, he can afford to do so much longer than the plaintiff. The economic disparity that exists between the parties places the plaintiff at a severe legal disadvantage. Accordingly, with regard to the branch of the motion seeking attorneys fees, it is

**ORDERED** that the plaintiff's request for attorneys' fees is granted and the plaintiff's attorneys are awarded attorneys' fees in the amount of twenty thousand dollars( $20,000.00). This amount may be paid to plaintiff's attorneys in monthly increments of $5,000.00 beginning November 1, 2013 or any other payment arrangement that is agreeable to the parties. The plaintiff is granted leave to seek additional fees, if necessary.

## EXCLUSIVE USE AND OCCUPANCY OF THE MARITAL HOME

With regard to plaintiff's request for exclusive use and occupancy of the marital residence located 85-45 115th Street, Richmond Hill, NY. In matrimonial actions, "the court may 1) determine any question as to the title to property arising between the parties, and 2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties." DRL § 234 (McKinney). Taking into account the circumstances of the case and parties, the plaintiff's request for exclusive use and occupancy is denied. The defendant is presently in possession of the property, and he is leasing spare rooms to various tenants. Based on the foregoing, it is

**ORDERED** that plaintiff's branch of the motion seeking exclusive use and occupancy of the marital residence is denied at this time.

## PLAINTIFF'S REQUEST FOR DISCOVERY

In relevant part, CPLR § 3124 states that "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article ... the party

7

Case Case 1:19-01018-jmm  Doc 56  Filed 06/05/19  Entered 06/05/19 16:06:46

seeking disclosure may move to compel compliance or a response. CPLR § 3124 (McKinney). Further, "[t]here is no requirement upon the movant other than to show that no response had been received." *All Boro Psychological Servs., P.C. v. Allstate Ins. Co.*, 39 Misc. 3d 9, 11, 962 N.Y.S.2d 844, 845 (App. Term 2013).

An order compelling the defendant to comply with the discovery requests is appropriate in this action. The parties appeared before this court on October 2, 2013 and entered into a further compliance conference order which included provisions for the outstanding discovery and the scheduling of depositions. As such, this branch of the motion is denied as moot.

## PLAINTIFF'S REQUEST FOR DEFENDANT TO MAINTAIN MEDICAL INSURANCE

In matrimonial actions, "the court may order a party to ... maintain" a health insurance policy "for either spouse or children of the marriage not to exceed such period of time as such party shall be obligated to provide maintenance, [or] child support." Dom. Rel. Law § 236(B)(8)(a) (McKinney). The factors affecting the non-moving party's obligation to pay the moving party's health insurance costs are the same as those for determining temporary maintenance awards. *Kelly v. Kelly*, 69 A.D.3d 577, 578-579, 892 N.Y.S.2d 185, 187-188 (2d Dept. 2010) (holding that the court must consider "the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, and the ability of the plaintiff to become self-supporting" when deciding whether an order a party to pay insurance costs).

For the same reasons, plaintiff's request for temporary maintenance is granted, discussed *supra*, the plaintiff's request that the defendant maintain all medical, dental, and prescription drug insurance for the plaintiff and the parties' children inclusive of deductible and uncovered items is granted. Based on the foregoing, it is

**ORDERED** that the defendant is ordered to maintain the plaintiff's health insurance, and ordered to maintain the parties' children's health insurance so long as the defendant is paying child support.

## PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF TEMPORARY RECEIVER

With regard to the branch of the motion seeking the appointment of a temporary receiver for the property located at 1114 Ward Avenue, Bronx, New York, that application is denied.

8

Presently a receiver has been appointed by the Bankruptcy Court.

Based on the foregoing, it is

**ORDERED** that plaintiff's request for the appointment of a receiver is denied.  The matter is adjourned to November 7, 2013 for a pre-trial conference.

Any other relief requested not specifically addressed herein is denied.  This constitutes the decision and order of the court.

Both sides have been e-mailed/faxed a copy of this Decision/Order.

ANNA CULLEY, A.J.S.C.

Dated: October 07, 2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x
KAREN VEERASWAMY,

              Plaintiff,

       -against-

VELAPPAN VEERASWAMY,

              Defendant.
------------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**
Index No. 12256/11

STATE OF NEW YORK    )
                 : ss.:
COUNTY OF QUEENS    )

     URSULA MILONE, being duly sworn, deposes and says:

     I am not a party to the within action and I am over 18 years of age.

On October 10, 2013 I served the within Decision/Order of Hon. Anna Culley, A.J.S.C. dated October 7,

2013 on:

              M. Joseph Levin, Esq.
              86-16 Queens Boulevard, Suite 206
              Elmhurst, New York  11373

by depositing a true and correct copy of the same enclosed in a postpaid and properly addressed envelope, in an official depository maintained and exclusively controlled by the U.S. Postal Service within New York State, directed to each person at respective said address(es), that being the address(es) within the state designated for that purpose upon the last papers in this action or the place where the above then resided or kept offices according to the best information which can be conveniently obtained at this time.

                                              _URSULA MILONE_
                                         URSULA MILONE

Sworn to before me this 10th day of
October, 2013.

_____
Notary Public

## CERTIFICATE OF SERVICE

The undersigned certifies that on   /  /2019, a copy of the above "ANSWER TO AMENDED COMPLAINT" was served by depositing the same, enclosed in a properly addressed postage-paid envelope, in an official depositary under the exclusive care and custody of the United States Postal Service within the State of New York, upon:


LaMONICA HERBST & MANISCALCO, LLP
Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793

Bronson Law Firm
480 Mamaroneck Ave
Harrison, NY 10528


DATE:   06/05/19

_Karen Veeraswamy_
KAREN VEERASWAMY (*PRO SE*)
P.O.Box 863695
RIDGEWOOD, NY 11385
TEL: (917)620-9359
Email: ammasami@gmail.com

13