**LaMONICA HERBST & MANISCALCO, LLP**  *Counsel to Plaintiff Lori Lapin Jones, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

**Hearing Date: February 22, 2022 at 11:00 a.m.**
**Objection Deadline: February 15, 2022**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                              Chapter 7

VELAPPAN VEERASWAMY,                           Case No.: 18-42030 (JMM)

      Debtor.
----------------------------------------------------------------X
LORI LAPIN JONES, solely in her capacity      Adv. Pro. No.: 19-01018 (JMM)
as Chapter 7 Trustee of the Estate of
Velappan Veeraswamy,

      Plaintiff,
-against-

KAREN VEERASWAMY and
JOHN J. NAPOLITANO, ATTORNEY AT LAW,

      Defendants.
----------------------------------------------------------------X

**NOTICE OF HEARING ON PLAINTIFF'S MOTION FOR AN ORDER: (I) APPROVING STIPULATION OF SETTLEMENT PURSUANT TO 11 U.S.C. § 105(A) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **February 22, 2022 at 11:00 a.m.**, a hearing ("Hearing") will be conducted before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, Eastern District of New York, on the motion dated January 26, 2022 ("Motion") of plaintiff Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee of the estate of Velappan Veeraswamy ("Trustee"), seeking entry of an Order: (i) approving a Stipulation of Settlement between the Trustee and defendant Karen Veeraswamy, individually and as Executrix of the estate of Velappan Veeraswamy pursuant to 11 U.S.C. §105(a) ("Bankruptcy Code") and Rule

9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and (ii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted telephonically using the instructions on the Bankruptcy Court's website, which can be found at: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino. To appear telephonically, the parties shall call (888) 273-3658 and enter access code 2872314#.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than **February 15, 2022** as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/ and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the Clerk of Court, U.S. Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201.

Dated: January 26, 2022
      Wantagh, New York       **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Lori Lapin Jones, as Trustee

                                By:    *s/ Holly R. Holecek*
                                        Holly R. Holecek, Esq.
                                        A Partner of the Firm
                                        3305 Jerusalem Avenue, Suite 201
                                        Wantagh, New York 11793
                                        Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                                    Chapter 7

VELAPPAN VEERASWAMY,                                       Case No.: 18-42030 (JMM)

                Debtor.
-----------------------------------------------------------------X
LORI LAPIN JONES, solely in her capacity              Adv. Pro. No.: 19-01018 (JMM)
as Chapter 7 Trustee of the Estate of
Velappan Veeraswamy,

                Plaintiff,
-against-

KAREN VEERASWAMY and
JOHN J. NAPOLITANO, ATTORNEY AT LAW,

                Defendants.
-----------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR AN ORDER: (I) APPROVING STIPULATION OF SETTLEMENT PURSUANT TO 11 U.S.C. § 105(A) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE;
AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

        Plaintiff Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the

estate of Velappan Veeraswamy ("Debtor"), files this motion ("Motion"), pursuant to 11 U.S.C.

§ 105(a) ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), seeking entry of an Order: (i) approving a Stipulation of Settlement

between the Trustee and defendant Karen Veeraswamy, individually and as Executrix of the

estate of Velappan Veeraswamy, pursuant to 11 U.S.C. §105(a) ("Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and (ii) granting related relief, and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

Following years of litigation (including appeals) and then negotiations, the Trustee and Karen Veeraswamy have resolved all of their disputes concerning Karen Veeraswamy's claims to funds being held by the Trustee. The resolution provides Karen Veeraswamy a claim for domestic support obligations (reduced by interim payments made by the Trustee per Court Orders) and a portion of the disputed funds. Payment to Karen Veeraswamy would be made pursuant to an approved Trustee's Final Report. If the settlement is approved, the Trustee can take steps to wind down the Debtor's bankruptcy estate and submit a Trustee's Final Report.

Absent a resolution, the parties will engage in discovery, motion practice, and a trial with no clear-cut outcome, but certainty as to costs and delays. Accordingly, settling is an exercise of the Trustee's sound business judgment and the terms of this settlement fall well above the lowest point in the range of reasonableness. The Trustee respectfully submits that the settlement merits this Court's approval.

## JURISDICTION

1. The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (L).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in this Motion include section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

**A.  The Debtor's Bankruptcy Filing, the Conversion of the Case, and the Debtor's Death**

5. On April 12, 2018 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code. See Case No.: 18-42030, ECF No. 1.

6. As of the Filing Date, the Debtor and Karen Veeraswamy were married and party to a matrimonial action pending in the Supreme Court of the State of New York, County of Queens ("State Court"), under Index No. 12256/11 captioned *Karen Veeraswamy v. Velappan Veeraswamy* ("Matrimonial Action").

7. By Order of the Court dated August 2, 2018, the Debtor's Chapter 13 case was converted to one under Chapter 7 of the Bankruptcy Code as of August 2, 2018. See Case No.: 18-42030, ECF No. 44.

8. By Notice of Appointment of Trustee dated August 9, 2018, Lori Lapin Jones was appointed as the Chapter 7 Trustee of the Debtor's estate. See id. at ECF No. 48.

9. On February 6, 2019, the Debtor died. See Case No.: 18-42030, ECF No. 128. As of the date of the Debtor's death, no judgment of divorce was entered by the State Court in the Matrimonial Action.

**B.  The Ashand Bankruptcy Case**

10. On February 14, 2013, prior to the Filing Date, a voluntary petition under Chapter 11 of the Bankruptcy Code was filed in the Court on behalf of Ashand Enterprises, Inc. ("Ashand") under case no. 13-44999 (CEC). The voluntary petition for Ashand was signed by the Debtor, Velappan Veeraswamy, as "President/Sole Dir." See Case No. 13-44999, ECF No. 1. The Statement of Financial Affairs for Ashand listed Velappan Veeraswamy as the "Sole Shareholder, Sole officer and Sole Director" and 100% owner of Ashand. See id.

11. Karen Veeraswamy appeared pro se in the Ashand case.

12. On or about November 25, 2013, Karen Veeraswamy caused a notice to be filed in the Ashand bankruptcy case, annexed to which is a Compliance Conference Order dated October 2, 2013 from the Matrimonial Action ("Compliance Order"). See Case No. 13-44999, ECF No. 46. The Compliance Order provides, in pertinent part, that:

> That all net proceeds of sale of a 72 unit Bronx apartment building (1114 Ward Ave) owned by Ashand Enterprises, Inc. and presently the subject of a bankruptcy proceeding (Eastern District Case no. 13-44999) shall be held in escrow by John Napolitano until further order of this court or written agreement of the parties.

See id.

13. By Order dated April 11, 2014, the Court approved the disclosure statement filed by Ashand. See Case No. 13-44999, ECF No. 99.

14. By Order dated May 6, 2014, the Court confirmed the Chapter 11 liquidating plan proposed by Ashand. See Case No. 13-44999, ECF No. 103.

15. By Order dated March 25, 2014 ("Ashand March 2014 Order"), the Court conditionally approved the sale of Ashand's real property located at 1114 Ward Avenue, Bronx, New York ("Ashand Property"). See Case No. 13-44999, ECF No. 95. The Ashand March 2014 Order provides that "[t]he remaining funds after all of [Ashand's] creditors have been satisfied in full shall be disbursed pursuant to the State Court Order dated October 2, 2013 in the New York Supreme Court, County of Queens, Matrimonial Part, as may be amended or modified at the time of disbursement." See id.

16. By letter dated July 31, 2014, counsel to Ashand advised the Court that the sale of the Ashand Property closed on July 25, 2014. See Case No. 13-44999, ECF No. 125.

17. By letter dated December 14, 2014, counsel to Ashand advised the Court that, in

the Third Quarter of 2014, disbursements from Ashand "included distribution of $1,500,000 to the equity holders of [Ashand]" which "were made by way of payment to John Napolitano, Esq.'s escrow account." See Case No. 13-44999, ECF No. 146.

18. On February 27, 2015, the Court entered a final decree which expressly provides that:

> This order shall not be construed to settle any issues as to the propriety of payments by the Debtor as between the Debtor's equity holders or parties in interest Karen Veeraswamy ("Karen") and Velappan Veeraswamy ("Velappan"). Karen and Velappan may contest such issues as between themselves before any judicial or administrative tribunals vested with appropriate jurisdiction, including, but not limited to, state courts of the State of New York.

See Case No. 13-44999, ECF No. 156.

19. By letter dated March 14, 2015, counsel to Ashand advised the Court that, in the Fourth Quarter of 2014, disbursements from Ashand "included distributions of $400,000 to the equity holders of [Ashand]" which "were made by way of payment to John Napolitano, Esq.'s escrow account in the amount of $300,000 and $100,000." See Case No. 13-44999, ECF No. 158.[1]

20. On or about March 31, 2015, Ashand's bankruptcy case was closed. See Case No.: 13-44999, docket entry on 03/31/2015.

## C. The Commencement of the Trustee's Adversary Proceeding and the Preliminary Inunction

21. On or about February 15, 2019, the Trustee commenced the above-captioned adversary proceeding against Karen Veeraswamy and her matrimonial counsel, John J. Napolitano, Attorney At Law ("Napolitano"). See ECF No. 1. By the amended complaint, the Trustee asserts that the Equity Distribution Balance (as defined therein) is property of the

---

[1] Thus, a total of $1,900,000 was distributed as equity of Ashand by way of payment to the escrow account of John J. Napolitano, Esq. in accordance with the Compliance Order and Orders of the Court.

Debtor's estate and seeks, inter alia, a declaratory judgment that the Equity Distribution Balance is property of the Debtor's estate. See ECF No. 3 at pp. 6-9.

22. When the Trustee could not secure a stipulation providing that Karen Veeraswamy and Napolitano would not, among other things, seek relief from any other court with respect to the funds in Napolitano's escrow account pending further Order of the Court, the Trustee filed an application seeking, among other things, injunctive relief to maintain the status quo pending a trial and decision on the merits by this Court ("Application"). See ECF No. 7. On March 13, 2019, the Court entered a Temporary Restraining Order and Order Scheduling a Hearing on Shortened Notice of the Trustee's Application. See ECF No. 8. An initial hearing on the Trustee's Application was conducted on March 14, 2019. See ECF No. 18.

23. By Order dated March 18, 2019, the Court continued the Temporary Restraining Order and scheduled an adjourned hearing on the Trustee's Application for March 28, 2019. See ECF No. 13. On the same date, Karen Veeraswamy filed an objection to the Trustee's Application. See ECF No. 11.

24. On March 18, 2019, Karen Veeraswamy filed a document titled "Motion to Compel and/or Dismiss" ("Motion to Compel"). See ECF No. 12. By the Motion to Compel, Karen Veeraswamy sought an Order compelling the Debtor (who was deceased) to testify at a meeting of creditors and, if he failed to appear, dismissing the Debtor's case. See id.

25. On March 18, 2019 (after her motion for a stay was denied in the United States District Court for the Eastern District of New York), Karen Veeraswamy filed a motion to stay the Debtor's bankruptcy case and this adversary proceeding. See ECF No. 14.

26. On March 21, 2019, Karen Veeraswamy filed a document titled "Motion to Stay Disbursement." See ECF No. 16.

27. On March 25, 2019, Karen Veeraswamy filed a motion to dismiss the Trustee's complaint. See ECF No. 19.

28. On March 25, 2019, the Trustee filed: (a) an omnibus objection to the motions to stay filed by Karen Veeraswamy [see ECF No. 20]; and (b) a reply to the objections of Karen Veeraswamy to the Trustee's injunction application [see ECF No. 21].

29. On April 9, 2019, the Court entered an Order Granting Preliminary Injunction and Directing Turnover. See ECF No. 27. The Order expressly provides that "[n]o distributions or withdrawals shall be made by the Trustee from the Equity Distribution Balance without a further Order of this Court". Id.

30. Thereafter, funds totaling $1,388,681.34 were turned over to the Trustee by Napolitano ("Ashand Funds"). Upon information and belief, the Ashand Funds are the direct proceeds from the sale of the Ashand Property pursuant to the Order dated March 25, 2014 conditionally approving the sale of the Ashand Property [Case No. 13-44999, ECF No. 95] and the Order dated May 6, 2014 confirming a liquidating Chapter 11 plan of Ashand [Case No. 13-44999, ECF No. 103].

31. On April 9, 2019, Karen Veeraswamy filed two notices of appeal to the United States District Court for the Eastern District of New York ("District Court"). See ECF Nos. 29, 30.

32. The Court conducted a hearing on March 28, 2019. See ECF No. 36 (transcript).

33. On April 18, 2019, the Trustee filed a memorandum of law in opposition to Karen Veeraswamy's motion to dismiss the complaint. See ECF No. 46.

34. On April 26, 2019, the District Court issued a Memorandum & Order dismissing Karen Veeraswamy's appeal of one of the Court's April 9, 2019 Orders. See ECF No. 54.

35. On June 5, 2019, Karen Veeraswamy filed an answer to the amended complaint. See ECF No. 56. Attached as an exhibit to the answer are copies of corporate formational documents for Ashand reflecting that Karen Veeraswamy was a 50% shareholder at the time Ashand was formed in 2000. See id.

36. On June 10, 2019, Karen Veeraswamy filed an addendum to her answer. See ECF No. 57. Attached as an exhibit to the addendum is a copy of a 2010 U.S. Income Tax Return for Ashand, which includes a Schedule K-1 issued to Karen Veeraswamy and listing Karen Veeraswamy as a 50% shareholder of Ashand. See id.

37. On June 19, 2019, the Trustee (through counsel) and Karen Veeraswamy participated in a Rule 26(f) conference.

38. On June 26, 2019, the Court entered an Order: (a) denying Karen Veeraswamy's motion to dismiss the Trustee's complaint; (b) denying Karen Veeraswamy's motion to compel and/or dismiss; and (c) setting dates for filing of answer and certain discovery. See ECF No. 58.

39. The Trustee and Karen Veeraswamy thereafter engaged in protracted settlement discussions. Discovery was not conducted while the parties engaged in settlement discussions.

### D. Karen Veeraswamy's Claims Against the Debtor's Estate

40. The deadline to file proofs of claim against the Debtor's bankruptcy estate was January 2, 2019. See Case No. 18-42030, ECF No. 65.

41. On May 7, 2018, Karen Veeraswamy filed a proof of claim against the Debtor's estate in the amount of $246,533.18 as a priority claim for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code, which claim was assigned claim number 3-1 ("Claim 3-1").

42. On November 19, 2018, Karen Veeraswamy filed an unliquidated proof of claim

against the Debtor's estate in the amount of "$5,733.33 per month accruing from June 2018, plus ownership equity in debtor's real estate properties" as a priority claim for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code, which claim was assigned claim number 12-1 ("Claim 12-1").

43. On April 16, 2019, Karen Veeraswamy filed an amended proof of claim against the Debtor's estate in the amount of $1,385,733.08 as of the date the claim was filed, of which: (i) $435,733.08 is asserted as a priority claim for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code; and (b) $950,000.00 is asserted as Karen Veeraswamy's 50% interest in the equity distributions from Ashand, which claim was assigned claim number 3-2 ("Claim 3-2" and, together with Claim 12-1, "Claims").

44. On January 20, 2022, the United States of America, on behalf of the Department of the Treasury, Internal Revenue Service ("IRS"), objected to Karen Veeraswamy's Claims. See Case No. 18-42030, ECF No. 218 ("Claims Objection"). By the Claims Objection, the IRS seeks entry of an order disallowing and reducing that portion of the Claims relating to Karen Veeraswamy's asserted 50% interest in Ashand. See generally id. The Claims Objection is presently returnable the same date as this Motion. See id.[2]

### E. The Unsuccessful Global Settlement Discussions and Interim Distributions to Karen Veeraswamy

45. On February 21, 2020, the Trustee, the Trustee's counsel, the Trustee's accountant, Karen Veeraswamy, the Debtor and Karen Veeraswamy's two adult children, and counsel to the IRS, attended an in-person settlement meeting. Following the meeting, and at the request of the IRS, the Trustee presented a written settlement offer to the IRS on February 28, 2020. The COVID-19 pandemic then occurred.

---

[2] The Trustee will separately respond to the Claims Objection, which the Trustee submits will be moot if the settlement is approved.

9

46.     By Consent Order dated May 19, 2020, the Trustee was authorized to make an interim distribution of $50,000 to Karen Veeraswamy on account of, and in partial reduction of, her domestic support obligation claim against the Debtor's estate. See ECF No. 64. The interim distribution was made to Karen Veeraswamy by the Trustee.

47.     During the time the settlement was being considered, the Trustee expended considerable effort to obtain a reduction of the IRS's proof of claim against the Debtor's estate. Documents and computations were provided to the IRS, and this ultimately led to the IRS filing a second amended proof of claim against the Debtor's estate on June 25, 2021 in the amount of $840,758.26, of which $360,013.81 was designated as a priority 507(a)(8) claim (reflecting a reduction of more than $230,000) and $480,744.45 was designated as a general unsecured claim (a portion of which is penalties). As to the proposed settlement, the Trustee, through counsel, continued settlement discussions with Karen Veeraswamy and the IRS.

48.     By Consent Order dated July 1, 2021, the Trustee was authorized to make a second interim distribution of $20,000 to Karen Veeraswamy on account of, and in partial reduction of, her domestic support obligation claim against the Debtor's estate. See ECF No. 76. The second interim distribution was made to Karen Veeraswamy by the Trustee.

49.     A settlement among the Trustee, Karen Veeraswamy and the IRS was not reached.

### F.    The Disbursement Motion

50.     On August 16, 2021, Karen Veeraswamy filed a motion seeking a distribution of $950,000 from the Debtor's estate on account of her asserted 50% ownership interest in Ashand ("Disbursement Motion"). See ECF No. 77. The initial hearing on the Motion was adjourned, on consent, to October 14, 2021. See ECF No. 79.

10

51. On October 1, 2021, an objection to the Disbursement Motion was filed by the IRS. See ECF No. 80.

52. On October 1, 2021, an objection to the Disbursement Motion was filed by the Trustee. See ECF No. 81.

53. By letter dated October 8, 2021 and entered on October 12, 2021, Karen Veeraswamy withdrew the Disbursement Motion. See ECF No. 83.

### G. The Motion to Reopen Ashand

54. On October 8, 2021, Karen Veeraswamy filed a motion seeking to reopen Ashand's bankruptcy case and to administer the proceeds from the sale of the Ashand Property, of which Karen Veeraswamy asserts she is entitled to $950,000. See Case No.: 13-44999, ECF No. 160 ("Ashand Motion").

55. On November 10, 2021, an objection to the Ashand Motion was filed by the IRS. See Case No.: 13-44999, ECF No. 163.

56. On November 11, 2021, an objection to the Ashand Motion was filed by the Trustee. See Case No.: 13-44999, ECF No. 164.

57. On November 21, 2021, Karen Veeraswamy filed a reply to the objections of the IRS and the Trustee. See Case No.: 13-44999, ECF No. 166.

58. An initial hearing on the Ashand Motion was conducted by the Bankruptcy Court on December 12, 2021. The hearing was adjourned and is currently scheduled for March 22, 2022.

### H. The Settlement Between the Trustee and Karen Veeraswamy

59. Thereafter, the Trustee (through counsel) and Karen Veeraswamy engaged in arm's-length settlement discussions. The Trustee and Karen Veeraswamy determined to resolve

all their disputes over the Ashand Funds, this adversary proceeding, the Claims, the Ashand Motion and the Debtor's Chapter 7 case pursuant to the terms and conditions of the Stipulation of Settlement annexed as Exhibit A.

### RELIEF REQUESTED AND BASIS FOR RELIEF

60. By this Motion, the Trustee seeks entry of an Order approving the Stipulation of Settlement as being fair, equitable and in the best interests of the Debtor's estate in accordance with section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a). For the reasons set forth more fully below, the Trustee believes that the settlement falls well above the lowest point in the range of reasonableness. The Trustee urges the Court to approve the Stipulation of Settlement and the ancillary relief requested. A proposed Order is annexed as Exhibit B ("Proposed Order").

**A.    The Terms of the Settlement**

61. The Stipulation of Settlement provides that, upon approval of the Court of the Stipulation of Settlement, the Trustee shall promptly take steps to wind down the Debtor's Chapter 7 case and then submit a Trustee's Final Report to the United States Trustee that provides for: (a) a distribution to Karen Veeraswamy in the amount of $486,038.47 (35% of the Ashand Funds) in full and final satisfaction of Karen Veeraswamy's asserted claims in and to the Ashand Funds (exclusive of Karen Veeraswamy's asserted domestic support obligation claims); (b) payment in full of Chapter 7 administrative expenses; and (c) an allowed claim of Karen Veeraswamy for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code in the total amount of $480,000.00, and a distribution to Karen Veeraswamy on account of such allowed claim in the amount of $410,000.00 (i.e., $480,000.00 less $70,000.00 in payments made by the Trustee). See Exhibit A at p. 4, ¶1.

62. The Stipulation of Settlement provides that, to the extent the Trustee cannot submit a Trustee's Final Report providing for the claims and distributions as set forth in paragraph 1 of the Stipulation of Settlement, or if such Trustee's Final Report is not approved by the Bankruptcy Court, the Stipulation of Settlement shall be null and void. See Exhibit A at p. 4, ¶2.

63. The Stipulation of Settlement provides for broad mutual general releases between the Trustee and Karen Veeraswamy effective upon the entry of an Order of the Court approving the Trustee's Final Report. See Exhibit A at pp. 5-6, ¶¶4, 5.

64. The Stipulation of Settlement provides that the hearing on the Ashand Motion shall be adjourned sine die pending approval of the Trustee's Final Report. See Exhibit A at p. 6, ¶6. The Stipulation of Settlement further provides that, upon entry of an Order of the Bankruptcy Court approving the Trustee's Final Report: (a) this adversary proceeding shall be dismissed with prejudice; and (b) the Ashand Motion shall be deemed withdrawn with prejudice. See id.

65. The above is intended to be a summary of the more salient terms of the Stipulation of Settlement. The Trustee respectfully refers the Court and all parties to the Stipulation of Settlement that is annexed as Exhibit A for its complete terms and conditions.

**B.    The Stipulation of Settlement Should Be Approved**

66. Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & LeBoef LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

67. Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may

approve a settlement. In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010).

68. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Communs. Corp., 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007).

69. The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted). The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors,"

> including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011). In this regard, the granting of releases in connection with a settlement of claims is left to the trustee's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims); Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. September 10, 2007) (approving settlement agreement in which the trustee granted releases).

70.     Here, the Trustee determined in her reasonable business judgment that settling is in the best interests of the estate and that the settlement embodied in the Stipulation of Settlement is fair and reasonable within the governing standards outlined above.

71.     Entitlement to the Ashand Funds, at issue in this adversary proceeding, has generated a long history of litigation in multiple courts. Global settlement negotiations conducted over an 18-month period among the IRS, the Trustee, Karen Veeraswamy and Karen Veeraswamy's two adult children concerning these claims proved unsuccessful.

72.     While they continued to disagree on the merits, the Trustee and Karen Veeraswamy agreed it was prudent to reenter settlement negotiations and they did so in early January 2022. Those arm's-length negotiations resulted in a settlement that resolves all of the

disputes between the Trustee and Karen Veeraswamy, and provides a path for the Trustee to wind down the Debtor's Chapter 7 case and submit a Trustee's Final Report.

73. The settlement for which the Trustee now seeks approval will bring closure to what has been a highly contentious bankruptcy case since 2018 and what is sure to be a highly contentious litigation going forward. Absent this settlement, Karen Veeraswamy (as she has historically) will fiercely litigate her position and the litigation could take years to conclude. As in any litigation, the outcome is not predictable. Among other things, the Debtor (who would have been a key witness) is deceased, and documents filed with the Court and available to the Trustee supporting Karen Veeraswamy's position may be difficult, if not impossible, to controvert. What is certain is that continued litigation will be costly and will indefinitely delay the administration of the Debtor's Chapter 7 case.

74. The Trustee notes that, if the Court approves the Stipulation of Settlement and thereafter approves the Trustee's Final Report, based on the facts known to the Trustee to date, it is anticipated that a meaningful distribution will be made to the IRS on account of its priority claim. The Trustee also notes that, if the Court approves the Stipulation of Settlement, the Claims Objection of the IRS will be rendered moot.

75. The Stipulation of Settlement provides for the exchange of mutual releases following entry of an Order of the Court approving the Trustee's Final Report. In the context of this settlement, the Trustee believes these mutual releases should be approved as both necessary and appropriate.

76. The settlement embodied in the Stipulation of Settlement was the result of arm's-length negotiations between the Trustee (through counsel) and Karen Veeraswamy.

77. Thus, in the exercise of her careful and sound business judgment, the Trustee has concluded that the proposed settlement embodied in the Stipulation of Settlement not only falls above the lowest rung in the range of reasonableness, but is in the best interests of the Debtor's estate. In short, the Trustee believes the settlement embodied in the Stipulation of Settlement merits approval by this Court.

## NOTICE AND NO PRIOR REQUEST

78. In accordance with Bankruptcy Rule 2002(a)(3) and Bankruptcy Rule 9006(f), the Trustee will serve a copy of this Motion and the Stipulation of Settlement by regular mail upon: (a) counsel to the Debtor; (b) the United States Trustee; (c) Karen Veeraswamy; (d) John J. Napolitano, Esq.; (e) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002 in the Debtor's case; and (f) all known creditors of the Debtor.

79. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation of Settlement, and grant the Trustee such other and further relief as may be just and appropriate.

Dated: January 26, 2022
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                    Counsel to Plaintiff Lori Lapin Jones, as Trustee

                              By:    *s/ Holly R. Holecek*
                                      Holly R. Holecek, Esq.
                                      A Partner of the Firm
                                      3305 Jerusalem Avenue, Suite 201
                                      Wantagh, New York 11793
                                      Telephone: (516) 826-6500