# **<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:                                                                                  Chapter 7

VELAPPAN VEERASWAMY,                                          Case No.: 18-42030 (JMM)

                                    Debtor.
------------------------------------------------------------------X
LORI LAPIN JONES, solely in her capacity                 Adv. Pro. No.: 19-01018 (JMM)
as Chapter 7 Trustee of the Estate of
Velappan Veeraswamy,

                                    Plaintiff,

-against-

KAREN VEERASWAMY and
JOHN J. NAPOLITANO, ATTORNEY AT LAW,

                                    Defendants.
------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT

Plaintiff Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the

Estate of Velappan Veeraswamy ("Debtor"), and defendant Karen Veeraswamy, individually and

as Executrix of the estate of Velappan Veeraswamy, hereby stipulate and agree for all purposes in

the above-captioned bankruptcy case and adversary proceeding as follows:

## RECITALS

A.    On April 12, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief

under Chapter 13 of title 11 of the United States Code ("Bankruptcy Code") in the United States

Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").

B.    By Order dated August 2, 2018, the Debtor's case was converted to a case under

Chapter 7 of the Bankruptcy Code.

C.      By Notice of Appointment of Trustee dated August 9, 2018, the Trustee was appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.

D.      The deadline to file proofs of claim against the Debtor's bankruptcy estate was January 2, 2019. To date, twelve proofs of claim were filed with the Bankruptcy Court, including: (i) an amended proof of claim by Karen Veeraswamy in the amount of $1,385,733.08, of which $435,733.08 is asserted as a priority claim for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code ("Claim 3-2"); and (ii) an unliquidated proof of claim by Karen Veeraswamy in the amount of "$5,733.33 per month accruing from June 2018, plus ownership equity in debtor's real estate properties" as a priority claim for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code ("Claim 12-1" and, together with Claim 3, "Claims").

E.      The Claims arise in part from a Decision/Order issued on October 7, 2013, in the matrimonial action captioned Veeraswamy v. Veeraswamy, then pending in the Supreme Court of the State of New York, County of Queens, under Index. No. 12256/11 ("Matrimonial Action").

F.      On February 6, 2019, the Debtor died intestate. At the time of the Debtor's death, no judgment of divorce had been issued in the Matrimonial Action and the Debtor and Karen Veeraswamy were still married.

G.      On February 15, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Court against, among others, Karen Veeraswamy by filing a complaint (as amended) ("Complaint") seeking the turnover of certain funds to the Trustee by Karen Veeraswamy's matrimonial counsel ("Adversary Proceeding").

H.    On April 9, 2019, the Bankruptcy Court entered an Order Granting Preliminary Injunction and Directing Turnover in the Adversary Proceeding and, thereafter, funds totaling $1,388,681.34 were turned over to the Trustee ("Escrow Funds").

I.    Upon information and belief, the Escrow Funds are the direct proceeds from the sale of the real property located at 1114 Ward Avenue, Bronx, New York 10472 ("Ashand Property"), which was owned by Ashand Enterprises, Inc. ("Ashand"). The Ashand Property was sold pursuant to an Order dated March 25, 2014 conditionally approving the sale of the Ashand Property [Case No. 13-44999, ECF No. 95] and an Order dated May 6, 2014 confirming a liquidating Chapter 11 plan of Ashand [Case No. 13-44999, ECF No. 103].

J.    On June 5, 2019, Karen Veeraswamy filed an answer with affirmative defenses to the Complaint ("Answer") [ECF No. 56].

K.    On June 10, 2019, Karen Veeraswamy filed an addendum to her Answer [ECF No. 57].

L.    On May 19, 2020, the Bankruptcy Court entered a Consent Order authorizing an interim distribution to Karen Veeraswamy from the Escrow Funds in the amount of $50,000.00 on account of and in partial reduction of the Claims [ECF No. 64].

M.    On July 1, 2021, the Bankruptcy Court entered a Consent Order authorizing a second interim distribution to Karen Veeraswamy from the Escrow Funds in the amount of $20,000.00 on account of and in partial reduction of the Claims [ECF No. 76].

N.    On October 8, 2021, Karen Veeraswamy filed a motion to reopen the Ashand Chapter 11 case and seeking administration of the Escrow Funds ("Ashand Motion") [Case No. 13-44999, ECF No. 160]. The Trustee filed an objection to the Ashand Motion [Case No. 13-44999, ECF No. 164]. An initial hearing on the Ashand Motion was conducted by the Bankruptcy

3

Court on December 12, 2021. The hearing was adjourned and is currently scheduled for March 22, 2022.

O.     The Escrow Funds (less the interim distributions made to Karen Veeraswamy pursuant to Orders of the Bankruptcy Court) total $1,318,681.34 and constitute the sole funds being held by the Trustee in the Debtor's bankruptcy estate.

P.     The Trustee and Karen Veeraswamy (together, "Parties") determined to resolve all their disputes over the Escrow Funds, the Adversary Proceeding, the Claims, the Ashand Motion and the Debtor's Chapter 7 case pursuant to the terms and conditions of this Stipulation of Settlement, and subject to approval of the Bankruptcy Court.

## TERMS AND CONDITIONS

1.     Upon approval of this Stipulation of Settlement, the Trustee shall promptly take steps to wind down the Chapter 7 case and then submit a Trustee's Final Report to the United States Trustee that provides for: (a) a distribution to Karen Veeraswamy in the amount of $486,038.47 (35% of the Escrow Funds) in full and final satisfaction of Karen Veeraswamy's asserted claims in and to the Escrow Funds (exclusive of Karen Veeraswamy's asserted domestic support obligation claims); (b) payment in full of Chapter 7 administrative expenses; and (c) an allowed claim of Karen Veeraswamy for domestic support obligations pursuant to section 507(a)(1) of the Bankruptcy Code in the total amount of $480,000.00, and a distribution to Karen Veeraswamy on account of such allowed claim in the amount of $410,000.00 (i.e., $480,000.00 less $70,000.00 in payments made by the Trustee).

2.     To the extent the Trustee cannot submit a Trustee's Final Report providing for the claims and distributions as set forth in paragraph 1 above, or if such Trustee's Final Report is not approved by the Bankruptcy Court, this Stipulation of Settlement shall be null and void.

3.      Karen Veeraswamy assumes any and all tax consequences relating to the claims of and distributions set forth in paragraph 1 above, and the Trustee makes no representations of any kind, including with respect to taxes.

4.      Upon entry of an Order of the Bankruptcy Court approving the Trustee's Final Report, the Trustee, on behalf of herself, her professionals and the Debtor's bankruptcy estate, shall be deemed to have, and shall have, irrevocably, fully and unconditionally, waived, discharged and released Karen Veeraswamy from any and all known and unknown claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or derivative in nature, whether arising under federal or state statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, whether or not apparent or yet to be discovered, or which may hereafter develop, and the claims asserted or that could have been asserted by the Trustee, from the beginning of the world to final approval of the Trustee's Final Report. It is expressly intended that this release: (a) be full and final; (b) be of the broadest possible nature permitted by law; and (c) cover any and all claims asserted and or/or could have been asserted against Karen Veeraswamy except for any obligations under this Stipulation of Settlement and the Trustee's Final Report.

5.      Upon entry of an Order of the Bankruptcy Court approving the Trustee's Final Report, Karen Veeraswamy shall be deemed to have, and shall have, released and forever discharged the Trustee, her professionals, and the Debtor's bankruptcy estate from any and all

5

known and unknown claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or derivative in nature, whether arising under federal or state statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, whether or not apparent or yet to be discovered, or which may hereafter develop, and the claims asserted or that could have been asserted by Karen Veeraswamy from the beginning of the world to final approval of the Trustee's Final Report. It is expressly intended that this release: (a) be full and final; (b) be of the broadest possible nature permitted by law; and (c) cover any and all claims asserted and or/or could have been asserted against the Trustee, her professionals, and the Debtor's bankruptcy estate except for any obligations under this Stipulation of Settlement. Karen Veeraswamy shall not file any additional proofs of claim against the Debtor's bankruptcy estate (whether individually or on behalf of the decedent's estate of Velappan Veeraswamy) and, except as set forth in this Stipulation of Settlement and an approved Trustee's Final Report, Karen Veeraswamy shall have no other claims against the Debtor's bankruptcy estate.

6.    The hearing on the Ashand Motion shall be adjourned sine die pending approval of the Trustee's Final Report. Upon entry of an Order of the Bankruptcy Court approving the Trustee's Final Report: (a) the Adversary Proceeding shall be dismissed with prejudice; and (b) the Ashand Motion shall be deemed withdrawn with prejudice.

7.    This Stipulation of Settlement is a compromise and settlement of disputed claims and is the product of arm's-length negotiations. The Parties understand and agree that the execution and delivery of this Stipulation of Settlement shall not constitute or be construed as an admission or adjudication, express or implied, of any liability whatsoever with respect to any claims that are the subject matter of this Stipulation of Settlement, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the Parties hereto has made such an admission. In the event this Stipulation of Settlement is not approved by the Bankruptcy Court and the Trustee's Final Report providing for the distributions to Karen Veeraswamy as set forth in this Stipulation of Settlement is not approved by the Bankruptcy Court, then nothing in this Stipulation of Settlement shall be deemed an admission or adjudication, express or implied.

8.    This Stipulation of Settlement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

9.    This Stipulation of Settlement shall be binding upon the Parties and their respective heirs, executors, successors, administrators and assigns.

10.    This Stipulation of Settlement may not be amended or modified other than in writing executed by each of the Parties.

11.    This Stipulation of Settlement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

12.    The Bankruptcy Court shall retain jurisdiction over the subject matter of this

Stipulation of Settlement.

AGREED:

Dated: January 20 , 2022

Holly R. Holecek, Esq.
A Partner of the Firm
LaMONICA HERBST & MANISCALCO, LLP
*Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee
of Velappan Veeraswamy*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

Dated: January 20 , 2022

Karen Veeraswamy
*Defendant*

Dated: January 20, 2022

Karen Veeraswamy, as Executrix of the
Decedent's Estate of Velappan Veeraswamy

8